IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EXPERIENCE INFUSION CENTER, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | |
| § | **CIVIL ACTION NO. 4:17-cv-00034** |
| **TEXAS HEALTH + AETNA INSURANCE** § | |
| **HOLDING COMPANY, LLC, & AETNA** § | |
| **LIFE INSURANCE COMPANY** § | |
| § | |
| **Defendants.** § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Aetna Life Insurance Company ("ALIC") files this Notice of Removal of Civil Action brought by Plaintiff Experience Infusion Center, LLC ("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1. **The State Court Action, Parties and Pleadings.** Plaintiff filed its Amended Petition and Request for Disclosure (hereinafter referred to as the "Amended Complaint") against ALIC on December 16, 2016, in the 334th Judicial District Court of Harris County, Texas, under Cause Number 2016-61961 (the "State Court Action"). A true and correct copy of the Amended Complaint is attached hereto as Exhibit D.[1]

---

[1] Plaintiff filed its Original Petition and Request for Disclosure on September 14, 2016, but only sued Texas Health + Aetna Health Insurance Holding Company, LLC, misnamed as Texas Health + Aetna Insurance Holding Company, LLC. (*See* Exhibit A). This defendant is an improper party because it did not administer or reimburse any medical claims purportedly at issue. (*See* Exhibits B and C). ALIC was not added as a party to the lawsuit until Plaintiff filed its Amended Complaint on December 16, 2016. (*See* Exhibit D).

2.     Plaintiff served its Amended Complaint on counsel for ALIC via email on December 16, 2016. A true and correct copy of the email to counsel for ALIC attaching Plaintiff's Amended Complaint is attached hereto as Exhibit E.[2]

3.     **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is being removed prior to the expiration of the statutorily allowed thirty (30) day period after the date that ALIC was served with or otherwise received a copy of the Amended Complaint.

4.     **Complete Diversity of Citizenship Confers Jurisdiction.** This case involves a controversy wholly between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this is a civil action in which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

5.     Specifically, Plaintiff asserts that it is a Texas Limited Liability Company.[3] Based upon filings with the Texas Secretary of State ("TXSOS"), Plaintiff's members are Experience Home Health, Inc., Lindsey Rutherford, and James Rutherford. TXSOS filings further reflect that Experience Home Health, Inc. was a corporate entity that was involuntarily terminated by the State of Texas. Prior to its involuntary termination, it was a corporation that was incorporated in the State of Texas and had its principal place of business in the State of Texas. TXSOS filings further reflect that Lindsey Rutherford and James Rutherford have reported mailing addresses in the State of Texas. Upon information and belief, at the time the State Court Action was filed,

---

[2] Pursuant to Local Rule 81 of the United States District Court for the Southern District of Texas, the State Court Docket Sheet, Index of Matters Being Filed With the Notice of Removal, and List of Counsel of Record are attached hereto as Exhibits F through H, respectively.

[3] *See* Exhibit D, at p. 1, ¶ 2.

Lindsey Rutherford and James Rutherford were citizens of Texas. Upon information and belief, as of the date of filing of this Notice of Removal, Lindsey Rutherford and James Rutherford continue to be citizens of the State of Texas.

6. ALIC is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the State Court Action was filed. As of the date of filing of this Notice of Removal, ALIC continues to be incorporated in and have its principal place of business in the State of Connecticut. ALIC did not have its principal place of business in the State of Texas and was not incorporated in the State of Texas at the time of the filing of the State Court Action or at the time of the filing of the Notice of Removal.

7. Texas Health + Aetna Health Insurance Holding Company, LLC ("Texas Health"), has been improperly joined to this action because there is no possibility under law that Plaintiff will recover against Texas Health. Specifically, Plaintiff alleges in the Amended Complaint that "Plaintiff provided healthcare services to a [patient], . . . Defendant agreed to pay for the services made the basis of this suit," but "[c]ontrary to said representations Defendant failed to pay plaintiff for said services."[4] Plaintiff also asserts that the defendant is an "insurance company and/or an administrator" for the patient at issue.[5] Plaintiff cannot show that Texas Health, an entity formed on August 29, 2016, is the insurance company or claims administrator that purportedly engaged in the actionable conduct at issue. Indeed, the disputed medical claims identified by Plaintiff predate the formation of Texas Health, and further reflect that Texas

---

[4] Exhibit D, at p. 2, ¶¶ 8, 11-12.

[5] Exhibit D, at p. 2, ¶ 9.

Health could not have (and did not) administer or reimburse any medical claims at issue in this lawsuit.

8. Furthermore, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. On January 5, 2017, Plaintiff identified the specific medical claims at issue through Explanations of Benefits, as well as a claims summary document, which establish that Plaintiff is seeking to recover actual alleged damages of $1,058,627.50 for infusion therapy services allegedly provided to the patient at issue between February 24, 2011 and June 1, 2015. Plaintiff's Amended Complaint further reflects that Plaintiff is seeking exemplary damages and attorney fees in addition to its actual damages. Therefore, it is facially apparent, or more likely than not, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. **ERISA Complete Preemption Raises a Federal Question.** Plaintiff's Amended Complaint also necessarily raises a federal claim in character because ERISA[6] completely preempts Plaintiff's state law causes of action. Plaintiff's state law causes of action arise out of ALIC's alleged failure to reimburse several medical claims Plaintiff submitted to ALIC. Such medical claims were submitted under a self-funded ERISA plan administered by ALIC, and Plaintiff is, in fact, seeking to recover ERISA plan benefits based on challenges to ALIC's plan coverage determinations. As an alleged assignee of its patient's right to any plan benefits,[7] Plaintiff could have brought its claim under the civil enforcement provisions of ERISA, and there is no other legal duty independent of ERISA or the ERISA plan's terms that is implicated by ALIC's alleged actions on these claims.

---

[6] The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et. seq.*

[7] Exhibit D, at p. 2, ¶ 13.

10.     As such, Plaintiff has asserted a state law claim that is completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).[8] Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e) and the matter is one that may be removed pursuant to 28 U.S.C. §1441(a) and controlling case law.[9]

11.     **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, ALIC will provide written notice of removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk for the District Court of Harris County, Texas, as provided by law.[10]

WHEREFORE, PREMISES CONSIDERED, Defendant Aetna Life Insurance Company prays that the State Court Action be removed to the United States District Court for the Southern District of Texas, Houston Division.

---

[8] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-211 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987). A claim falls within the scope of 29 U.S.C. § 1132(a) and is completely preempted by ERISA if (1) the plaintiff, at some point in time, could have brought the claim under ERISA, and (2) there is no other legal duty independent of ERISA or the plan's terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210. Both elements are satisfied here.

[9] *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding state court action asserting only state law causes of action relating to alleged failure to pay a claim for benefits under an employee benefit plan constitutes a federal question and is removable to federal court).

[10] A true and correct copy of the Notice being filed with the District Court of Harris County, Texas, 334th Judicial District, is attached hereto as Exhibit I.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | By: */s/ John B. Shely* |
| ANDREWS KURTH KENYON LLP | JOHN B. SHELY |
| and | State Bar No. 18215300 |
| DIMITRI ZGOURIDES | SDOT No. 7544 |
| State Bar No. 00785309 | 600 Travis, Suite 4200 |
| SDOT No. 16513 | Houston, Texas 77002 |
| *dzgourides@andrewskurth.com* | Telephone:  (713) 220-4200 |
| MITCHELL A. REID | Telecopier:  (713) 220-4285 |
| State Bar No. 24037346 | *jshely@andrewskurth.com* |
| SDOT No. 34728 | |
| *mreid@andrewskurth.com* | **COUNSEL FOR DEFENDANTS** |
| 600 Travis, Suite 4200 | **TEXAS HEALTH + AETNA HEALTH** |
| Houston, Texas 77002 | **INSURANCE HOLDING COMPANY, LLC** |
| Telephone:  (713) 220-4200 | **AND AETNA LIFE INSURANCE COMPANY** |
| Telecopier:  (713) 220-4285 | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2017, a true and correct copy of this document was served on the following attorneys of record by United States certified mail, return receipt requested, as follows:

> John V. Mastriani
> Christopher M. Thornhill
> THE MASTRIANI LAW FIRM
> P.O. Box 460174
> Houston, Texas 77056
> *service@mastrianilaw.com*

*/s/ John B. Shely*
John B. Shely