# EXHIBIT A

9/14/2016 3:52:13 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12704514
By: Monica Ovalle
Filed: 9/14/2016 3:52:13 PM

## 2016-61961 / Court: 334
NO. _____

| | |
|---|---|
| EXPERIENCE INFUSION CENTER, LL.C §<br>Plaintiff                                         §<br>                                                         §<br>V.                                                     §<br>                                                         §<br>TEXAS HEALTH + AETNA            §<br>INSURANCE                                    §<br>HOLDING COMPANY, LL.C.,       §<br>Defendant                                       § | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS<br><br><br>_____ JUDICIAL DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES EXPERIENCE INFUSION CENTER, LL.C (Hereinafter referred to as "Plaintiff"), in the above-entitled and numbered cause, complaining of TEXAS HEALTH + AETNA INSURANCE HOLDING COMPANY, LL.C., (Hereinafter "Defendant") and for cause would show as follows:

### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

### PARTIES

2.      Plaintiff is a Domestic For-Profit, LL.C., doing business in Harris County, Texas.

3.      Defendant, TEXAS HEALTH + AETNA INSURANCE HOLDING COMPANY, LL.C., and may be served with process by serving its registered agent C.T. Corporation System 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 USA.

1

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in this court because this case is brought under the laws of the State of Texas for an amount within the jurisdictional limits of this Court.  Plaintiff does not seek any remedies under federal law.

5.     Venue is permissible in Harris, Texas pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), for the reason that the actions that form the basis of this lawsuit occurred in Harris County, Texas.

### BRIEF FACTS

6.     Plaintiff is in the business of providing health care services.

7.     Plaintiff provided healthcare services to a Mary H. Loep.

8.     Defendant is an insurance company and/or an administrator for the Mary H. Loep.

9.     Defendant agreed to pay for the services made the basis of this suit.

10.    Contrary to said representations Defendant failed to pay plaintiff for said services.

### SUIT ON SWORN ACCOUNT/ACCOUNT STATED

11.    Plaintiff incorporates paragraphs 1 through 10 herein. Plaintiff would show the Court that it is entitled to recover damages based upon its sworn account. This action is founded on open account for sale of goods and merchandise, business dealings between the parties, labor done, labor furnished and material furnished.  The conduct of the Defendant constitutes a refusal and failure to pay the balance owing on the verified account attached hereto as Exhibit "A." As shown in the itemized and verified account attached hereto and on the dates evidenced thereby Plaintiff provided services and/or sold goods, wares, and merchandise to the Defendant in the regular course of business. Defendant accepted the goods and merchandise and thereby promised

2

to and became bound to pay the agreed price, which price was reasonable, fair, and was stated in the request for payment therefor. Plaintiff does hereby, pursuant to its sworn account claim, sue, and asset its claim against Defendant for all of such damages, attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## BREACH OF CONTRACT

12.     Plaintiff incorporates paragraphs 1 through 10 herein. Plaintiff had valid contracts with the Defendant.  During the term of the contracts, Defendant failed to uphold its portion of the contracts and refused to pay the balance owed. Defendant's breach caused the Plaintiff's injury, to which specific performance and an award of monetary damages would be adequate compensation.  Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services provided along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## FRAUD

13.     Plaintiff incorporates paragraphs 1 through 10 herein. In doing the acts herein alleged, Defendant made a material, false representation to Plaintiff.  When the Defendant made the representation, the Defendant knew the representation was false and/or made the representation recklessly, as a positive assertion, and without knowledge of its truth.  The Defendant made this representation with the intent that the Plaintiff acts on it.   The Plaintiff relied on the representation and the representation caused the Plaintiff injury, damages and actual loss. Defendant's fraud caused the Plaintiff's injury, to which specific performance and an award of monetary damages would be adequate compensation.  Such damages include, without limitation,

3

the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## NEGLIGENT MISREPRESENTATION

14.     Plaintiff incorporates paragraphs 1 through 10 herein. Defendant made a representation to the Plaintiff in the course of the Defendant's business or in a transaction in which the Defendant had an interest.  The Defendant supplied false information for the guidance of Plaintiff and did not exercise reasonable care or competence in obtaining or communicating the information.  The Plaintiff justifiably relied on the representation and the Defendant's negligent misrepresentation caused the Plaintiff's injury.  Defendant's negligent misrepresentation caused the Plaintiff's injury, to which specific performance and an award of monetary damages would be adequate compensation.  Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## ACTS OF AGENTS IMPUTED TO PRINCIPAL

15.     Any averment herein of individuals is within the course and scope of their relationship with Defendant. Defendant negligently supervised their agents, servants and assigns, which proximately caused all damages sought herein. Specifically failure to supervise its agents, employees and assigns and any individuals whose acts and omissions proximately damaged Plaintiff.

4

## QUANTUM MERUIT/UNJUST ENRICHMENT

16.     Plaintiff incorporates paragraphs 1 through 10 herein. In the alternative, Defendant accepted goods or the creation of said goods from Plaintiff without compensating Plaintiff. Defendant would be unjustly enriched if it did not pay Plaintiff what was owed and compensate Plaintiff for all damages sustained as a result of Defendant's acts and omissions.

## ATTORNEYS FEES

17.     Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this is a suit on rendered services, performed labor, furnished material, an account and a written or oral contract, which is listed in section 38.001. Plaintiff retained counsel, who presented Plaintiff's claim to Defendant. Defendant did not tender the amount owed within 30 days of the date the claim was presented.

## PREJUDGMENT INTEREST

18.     Plaintiff alleges that it is entitled to prejudgment interest as allowed by law.

## REQUEST FOR DISCLOSURE

19.     Under the authority of the Texas Rule of Civil Procedure 194, Plaintiff requests the Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## DAMAGES

20.     Accordingly, Plaintiff requests Defendant be cited to appear and the court award damages in the following areas:

(1)             Actual Damages;

(2)             Statutory Damages;

(3)             Exemplary damages;

5

(4)         Prejudgment and postjudgment interest;

(5)         Court Cost;

(6)         Attorney Fees; and,

(7)         All other relief to which Plaintiff is entitled.

## PRAYER

24.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to

appear and answer herein, and upon final hearing hereof, Plaintiff have and recover of and from

Defendant judgment in the sum as shown by the evidence and found by the trier of fact,

(1)         Actual Damages;

(2)         Statutory Damages;

(3)         Exemplary damages;

(4)         Prejudgment and postjudgment interest;

(5)         Court Cost;

(6)         Attorney Fees; and,

(7)         All other relief to which Plaintiff is entitled.

Respectfully submitted:

THE MASTRIANI LAW FIRM

_____

JOHN V. MASTRIANI
State Bar No. 13184375
CHRISTOPHER M. THORNHILL
State Bar No. 24059030
P.O. Box 460174
Houston, Texas 77056
(713) 665-1777
(713) 665-2777 (facsimile)
service@mastrianilaw.com

6

2016-61961 / Court: 334

# EXHIBIT A

# THE CHARGES HEREIN ARE MEDICAL CHARGES AND THE INVOICES CONTAIN SPECIAL INFORMATION AND MAY BE REQUIRED TO BE PLACED UNDER SEAL

Unofficial Copy Office of Chris Daniel District Clerk

8

VERIFICATION

THE STATE OF TEXAS      )(
                                  )(
COUNTY OF HARRIS      )(

       BEFORE ME, the undersigned authority on this day personally appeared JAMES RUTHERFORD and I am the principal of Experience Infusion Center and am familiar with this account by virtue of my duties and responsibilities as principal who, being first by me duly sworn on oath says that he has read and reviewed the foregoing pleading, that he has personal knowledge of the statements made and that such statements are true and correct.

FURTHER, this Affiant sayeth not."

                                            JAMES RUTHERFORD

SUBSCRIBED AND SWORN TO BEFORE ME on this the 9th day of September, 2016 to certify which witness my hand and official seal.

                                        Notary Public

SHERYL W. CRAINER
Notary Public, State of Texas
My Commission Expires
September 14, 2019

                                        SHERYL W. CRAINER

                                        Printed Name of Notary