# EXHIBIT C

Case 4:17-cv-00034   Document 1-4   Filed on 01/06/17 in TXSD   Page 2 of 8

10/28/2016 3:52:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13511189
By: DANIELLE JIMENEZ
Filed: 10/28/2016 3:52:37 PM

CAUSE NO. 2016-61961

| | | |
|---|---|---|
| **EXPERIENCE INFUSION CENTER, LLC,** § | | **IN THE DISTRICT COURT OF** |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| **V.** § | | |
| § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **TEXAS HEALTH + AETNA INSURANCE** § | | |
| **HOLDING COMPANY, LLC** § | | |
| § | | |
| **Defendant.** § | | **334TH JUDICIAL DISTRICT** |

### DEFENDANT'S SPECIAL EXCEPTIONS
### TO PLAINTIFF'S ORIGINAL PETITION

Subject to its Verified Denial, Defendant Texas Health + Aetna Health Insurance Holding Company, LLC ("Defendant")[1] files these Special Exceptions to the Original Petition (the "Petition") filed by Plaintiff Experience Infusion Center, LLC ("Plaintiff"), and respectfully shows as follows:

### I. INTRODUCTION AND SUMMARY

Defendant specially excepts to Plaintiff's Petition because it is impermissibly vague and does not give fair notice of the claims at issue.[2] Plaintiff asserts four causes of action against Defendant for suit on sworn account, breach of contract, fraud, and negligent misrepresentation. Yet Plaintiff's Petition offers only five sentences of "brief facts" to explain that Plaintiff provided healthcare services to a patient for which Defendant allegedly agreed and then allegedly failed to pay.

---

[1] Defendant is mis-named as "Texas Health + Aetna Insurance Holding Company, LLC." As set forth in its verified denial, Plaintiff has sued an entity that did not administer or reimburse any medical claims purportedly at issue in this lawsuit.

[2] *See* TEX. R. CIV. P. 47.

Absent from Plaintiff's Petition is any information on the specific medical claims at issue,[3] any information regarding the "valid contracts" at issue, and any information concerning the alleged misrepresentations. Moreover, Plaintiff has failed to show how Defendant—***an entity formed 18 days before Plaintiff filed its Petition***—is at all potentially liable. Plaintiff's bare allegations leave Defendant without fair notice of its claims and without the ability to prepare a defense. Under the Texas rules, Defendant is entitled to fair notice, including the identification of the medical claims at issue and the basis for allegations against a newly minted entity with no connection to the identified patient.

Additionally, Defendant specially excepts to the manner in which Plaintiff has pled its damages. As such, Defendant hereby demands that Plaintiff replead and specify the amount of damages it seeks, the nature and detail of the damages it claims, and the maximum amount of damages claimed.

## II. SPECIAL EXCEPTIONS STANDARD

Texas follows the "fair notice" standard for pleadings, which determines whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and the type of evidence that might be relevant to the controversy.[4] Special exceptions are designed to compel clarification of pleadings when such pleadings are not clear or sufficiently specific or fail to plead a cause of action.[5] "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the

---

[3] Instead, Plaintiff filed information related to the medical claims at issue under seal without following the procedures for doing so under Texas Rule of Civil Procedure 76a. Plaintiff has not provided this information to Defendant.

[4] *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 1999); *see also* Tex. R. Civ. P. 45(b), 47(a).

[5] *See* Tex. R. Civ. P. 91; *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (holding that the purpose of special exceptions is to compel clarification of pleadings when pleadings are not clear or sufficiently specific or fail to plead cause of action).

opposing party information sufficient to enable him to prepare a defense."[6] A trial court has broad discretion to sustain special exceptions.[7]

### III. SPECIAL EXCEPTIONS TO THE ORIGINAL PETITION

A.  **Plaintiff Must Re-Plead Its Suit On Sworn Account To Identify The Specific Medical Claims At Issue**

Plaintiff alleges in its Petition that "Plaintiff provided healthcare services to a [patient], . . . Defendant agreed to pay for the services made the basis of this suit," but "[c]ontrary to said representations Defendant failed to pay plaintiff for said services."[8] Plaintiff also asserts that Defendant is an "insurance company and/or an administrator" for the patient at issue.[9] Generally, self-funded employee welfare benefit plans contract with third-party claims administrators who administer and reimburse medical claims according to the terms of the applicable health benefit plans. In order for the claims administrator to determine whether it properly paid the claims according to the plan, and thus whether it owes money on any purported account, it must first know which medical claim is being challenged.

Aside from information filed under seal, which has not been provided to Defendant or made available pursuant to Rule 76a, Plaintiff has failed to identify the medical claims it is complaining about. Without identifying the specific medical claims at issue or providing even the most basic information to help investigate such purported claims (i.e. dates of service, medical procedures performed, claim submission dates, etc.), Plaintiff has prevented Defendant from determining the type and character of proof necessary to defend against Plaintiff's

---

[6] *Horizon/CMS Healthcare Corp. of Am. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

[7] *Hamby v. State Farm Mut. Auto Ins. Co.*, 137 S.W.3d 834, 836 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

[8] Plaintiff's Original Petition, p. 2, ¶¶ 7, 9-10.

[9] Plaintiff's Original Petition, p. 2, ¶ 8.

allegations at the time of trial and/or assert affirmative defenses. Furthermore, Plaintiff's bare pleadings fail to explain how Defendant—*an entity formed on August 29, 2016*—could be the insurance company or claims administrator that purportedly engaged in the actionable conduct at issue. Indeed, Defendant could not have (and did not) administer or reimburse any medical claims for any patients prior to Plaintiff's lawsuit. As such, Plaintiff has failed to offer any facts substantiating any potential claim against Defendant.[10]

Defendant therefore specially excepts to Plaintiff's suit on sworn account because its allegations lack any information about the specific account at issue or how Defendant was party to the purported transaction in dispute. Plaintiff's Petition on its face is impermissibly vague and prevents any substantive response or defense from Defendant. Thus, Plaintiff must re-plead its allegations to identify the specific medical claims at issue in order to provide fair notice for the basis of its claims.

**B.   Plaintiff Must Re-Plead Its Breach Of Contract Cause Of Action To Identify The Contract And Specific Medical Claims At Issue**

Defendant also specially excepts to Plaintiff's breach of contract cause of action because the scant pleadings merely state that Plaintiff "had valid contracts with the Defendant" and that "Defendant failed to uphold its portion of the contracts and refused to pay the balance owed."[11] However, Plaintiff fails to identify (1) the specific contract(s) at issue and (2) the specific provisions of any such contract that Defendant allegedly breached. Plaintiff's failure to identify the disputed medical claims further compounds this problem because it precludes the identification of an applicable contract (if any) covering the patient's treatment. Aside from

---

[10] Notably, Plaintiff has the information to determine the proper defendant as claims administrators are typically identified on reimbursement checks, Explanations of Benefits, and other remittance advice provided to healthcare providers following the adjudication of a medical claim.

[11] Plaintiff's Original Petition, p. 3, ¶ 12.

failing to identify the contract that has purportedly been breached, Plaintiff has also failed to explain how a valid contract covering medical services could exist with an entity formed just 18 days before Plaintiff filed this lawsuit.

In short, Plaintiff's Petition fails to provide facts sufficient to give fair notice of Plaintiff's breach of contract cause of action. Rule 91 requires Plaintiff to re-plead its allegations in order to give Defendant fair and adequate notice of the facts upon which Plaintiff's breach of contract cause of action is based, including, without limitation, identifying the specific medical claims at issue and a valid contract between the parties.

### C. Plaintiff Fails To Explain How Defendant Has Any Connection To The Medical Claims And Alleged Misrepresentations At Issue

Plaintiff disputes the payment of medical claims for services allegedly provided to a patient whose medical claims were either allegedly "insured" or "administered" by Defendant.[12] In connection with these medical claims, Plaintiff alleges that certain (notably unidentified) representations were made by Defendant upon which Plaintiff relied to its detriment.[13] Defendant specially excepts to Plaintiff's claims of fraud and/or negligent misrepresentation based on these purported misrepresentations because Plaintiff has not identified *any* specific representations by Defendant to Plaintiff that were false and/or upon which Plaintiff actually and reasonably relied and/or that were the proximate cause of damages. Again, Plaintiff's meager pleadings fail to explain how Defendant or any its "agents, servants and assigns"[14] could have made these alleged actionable misrepresentations when the entity was formed roughly 60 days ago. Accordingly,

---

[12] Plaintiff's Original Petition, p. 2, ¶ 8.

[13] *Id.* at pp. 3-4, ¶¶ 13-14.

[14] *Id.* at p. 4, ¶ 15.

Defendant requests that its special exception be sustained and that Plaintiff's claims of fraud and negligent misrepresentation be dismissed.

### D.     Special Exception To Plaintiff's Claim For Damages

Defendant further specially excepts to Plaintiff's Petition because Plaintiff did not state the specific amount of damages it seeks in this lawsuit. Plaintiff should be ordered to re-plead and specify the amount of damages, the nature and detail of such damages claims, and the maximum amount of damages claimed.[15]

Respectfully submitted,

By:   */s/ Mitchell A. Reid*
John B. Shely
State Bar No. 18215300
*jshely@andrewskurth.com*
Dimitri Zgourides
State Bar No. 00785309
*dzgourides@andrewskurth.com*
Mitchell A. Reid
State Bar No. 24037346
*mreid@andrewskurth.com*
ANDREWS KURTH KENYON LLP
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4105
Telecopier:  (713) 220-4285

**ATTORNEYS FOR DEFENDANT
TEXAS HEALTH + AETNA HEALTH
INSURANCE HOLDING COMPANY, LLC**

---

[15] *See* Tex. R. Civ. P. 47.

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2016 a true and correct copy of the foregoing document has been e-served on the following counsel of record, addressed as follows:

>John V. Mastriani
>Christopher M. Thornhill
>THE MASTRIANI LAW FIRM
>P.O. Box 460174
>Houston, Texas 77056

>>/s/ Mitchell A. Reid
>>Mitchell A. Reid