# EXHIBIT D

NO. 2016-61961

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTER, LL.C § | | IN THE DISTRICT COURT OF |
| Plaintiff § | | |
| § | | |
| V. § | | HARRIS COUNTY, TEXAS |
| § | | |
| TEXAS HEALTH + AETNA § | | |
| INSURANCE § | | |
| HOLDING COMPANY, LL.C., & § | | |
| AETNA LIFE INSURANCE COMPANY § | | |
| Defendant § | | 334ᵀᴴ JUDICIAL DISTRICT COURT |

## PLAINTIFF'S AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES EXPERIENCE INFUSION CENTER, LL.C (Hereinafter referred to as "Plaintiff"), in the above-entitled and numbered cause, complaining of TEXAS HEALTH + AETNA INSURANCE HOLDING COMPANY, LL.C., (Hereinafter "Defendant "AIC") and against AETNA LIFE INSURANCE COMPANY (hereinafter "Defendant" for cause would show as follows:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

### PARTIES

2. Plaintiff is a Domestic For-Profit, LL.C., doing business in Harris County, Texas.

1

3. Defendant, TEXAS HEALTH + AETNA INSURANCE HOLDING COMPANY, LL.C., and has made an appearance herein.

4. Defendant Aetna Life Insurance Company may be served with process by serving its attorney Mr. Mitchell A. Reid at the address found in the certificate of service.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this court because this case is brought under the laws of the State of Texas for an amount within the jurisdictional limits of this Court. Plaintiff does not seek any remedies under federal law.

6. Venue is permissible in Harris, Texas pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), for the reason that the actions that form the basis of this lawsuit occurred in Harris County, Texas.

## BRIEF FACTS

7. Plaintiff is in the business of providing health care services.

8. Plaintiff provided healthcare services to a Mary H. Loep ("services").

9. Defendant is an insurance company and/or an administrator for the Mary H. Loep.

10. An approved doctor in a plan administered by Defendant requested the services.

11. Defendant agreed to pay for the services made the basis of this suit.

12. Contrary to said representations Defendant failed to pay Plaintiff for said services.

13. Plaintiff was assigned benefits as a provider.

14, Monies owed Plaintiff on behalf of Mary Loep were not paid although payments for said services were provided to the Defendant from her plan.

2

15. Monies owed Plaintiff were also improperly offset by Defendant from other patients that Plaintiff provided services for.

16. Plaintiff also contends that many of the offsets from said services were not properly offset given that Defendant failed to follow the proper procedures with respect to said, including but not limited too:

i) The offsets are not proper; and

ii) The offsets are not timely .

## SUIT ON SWORN ACCOUNT/ACCOUNT STATED

17. Plaintiff incorporates paragraphs 1 through 15 herein. Plaintiff would show the Court that it is entitled to recover damages based upon its sworn account. This action is founded on open account for sale of goods and merchandise, business dealings between the parties, labor done, labor furnished and material furnished. The conduct of the Defendant constitutes a refusal and failure to pay the balance owing on the verified account attached hereto as Exhibit "A." As shown in the itemized and verified account attached hereto and on the dates evidenced thereby Plaintiff provided services and/or sold goods, wares, and merchandise to the Defendant in the regular course of business. Defendant accepted the goods and merchandise and thereby promised to and became bound to pay the agreed price, which price was reasonable, fair, and was stated in the request for payment therefor. Plaintiff does hereby, pursuant to its sworn account claim, sue, and asset its claim against Defendant for all of such damages, attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## BREACH OF CONTRACT

18. Plaintiff incorporates paragraphs 1 through 16 herein. Plaintiff had valid contracts with the Defendant. During the term of the contracts, Defendant failed to uphold its portion of the contracts and refused to pay the balance owed. Defendant's breach caused the Plaintiff's injury, to which specific performance and an award of monetary damages would be adequate compensation. Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services provided along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## FRAUD

19. Plaintiff incorporates paragraphs 1 through 16 herein. In doing the acts herein alleged, Defendant made a material, false representation to Plaintiff. When the Defendant made the representation, the Defendant knew the representation was false and/or made the representation recklessly, as a positive assertion, and without knowledge of its truth. The Defendant made this representation with the intent that the Plaintiff acts on it. The Plaintiff relied on the representation and the representation caused the Plaintiff injury, damages and actual loss. Defendant's fraud caused the Plaintiff's injury, to which specific performance and an award of monetary damages would be adequate compensation. Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## NEGLIGENT MISREPRESENTATION

20. Plaintiff incorporates paragraphs 1 through 16 herein. Defendant made a representation to the Plaintiff in the course of the Defendant's business or in a transaction in which the Defendant had an interest. The Defendant supplied false information for the guidance of Plaintiff and did not exercise reasonable care or competence in obtaining or communicating the information. The Plaintiff justifiably relied on the representation and the Defendant's negligent misrepresentation caused the Plaintiff's injury. Defendant's negligent misrepresentation caused the Plaintiff's injury, to which specific performance and an award of monetary damages would be adequate compensation. Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

## ACTS OF AGENTS IMPUTED TO PRINCIPAL

21. Any averment herein of individuals is within the course and scope of their relationship with Defendant. Defendant negligently supervised their agents, servants and assigns, which proximately caused all damages sought herein. Specifically failure to supervise its agents, employees and assigns and any individuals whose acts and omissions proximately damaged Plaintiff.

## QUANTUM MERUIT/UNJUST ENRICHMENT

22. Plaintiff incorporates paragraphs 1 through 16 herein. In the alternative, Defendant accepted goods or the creation of said goods from Plaintiff without compensating Plaintiff. Defendant would be unjustly enriched if it did not pay Plaintiff what was owed and compensate Plaintiff for all damages sustained as a result of Defendant's acts and omissions.

## ATTORNEYS FEES

23. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this is a suit on rendered services, performed labor, furnished material, an account and a written or oral contract, which is listed in section 38.001. Plaintiff retained counsel, who presented Plaintiff's claim to Defendant. Defendant did not tender the amount owed within 30 days of the date the claim was presented.

## PREJUDGMENT INTEREST

24. Plaintiff alleges that it is entitled to prejudgment interest as allowed by law.

## REQUEST FOR DISCLOSURE

25. Under the authority of the Texas Rule of Civil Procedure 194, Plaintiff requests the Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## DAMAGES

26. Accordingly, Plaintiff requests Defendants be cited to appear and the court award damages in the following areas:

(1) Actual Damages;

(2) Statutory Damages;

(3) Exemplary damages;

(4) Prejudgment and postjudgment interest;

(5) Court Cost;

(6) Attorney Fees; and,

(7) All other relief to which Plaintiff is entitled.

## PRAYER

27. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and upon final hearing hereof, Plaintiff have and recover of and from Defendant judgment in the sum as shown by the evidence and found by the trier of fact,

(1) Actual Damages;

(2) Statutory Damages;

(3) Exemplary damages;

(4) Prejudgment and postjudgment interest;

(5) Court Cost;

(6) Attorney Fees; and,

(7) All other relief to which Plaintiff is entitled.

Respectfully submitted:

THE MASTRIANI LAW FIRM

JOHN V. MASTRIANI
State Bar No. 13184375
CHRISTOPHER M. THORNHILL
State Bar No. 24059030
P.O. Box 460174
Houston, Texas 77056
(713) 665-1777
(713) 665-2777 (facsimile)
service@mastrianilaw.com

# EXHIBIT A

8

# THE CHARGES HEREIN ARE MEDICAL CHARGES AND THE INVOICES CONTAIN SPECIAL INFORMATION AND MAY BE REQUIRED TO BE PLACED UNDER SEAL FOR HEALTHCARE SERVICES PROVIDED TO MARY LOEP

## Certificate of Service

A copy of this instrument has been served upon Defendant and Defendant AIC via email on this the 16th day of December 2016, to

Mitchell A. Reid
mrreid@andrewskurth.com

John V. Mastriani