IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXPERIENCE INFUSION CENTER, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | CIVIL ACTION NO. 4:17-cv-00034 |
| TEXAS HEALTH + AETNA INSURANCE § | |
| HOLDING COMPANY, LLC, & AETNA § | |
| LIFE INSURANCE COMPANY, § | |
| § | |
| Defendants. § | |

### DEFENDANT TEXAS HEALTH + AETNA HEALTH INSURANCE HOLDING COMPANY, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Texas Health + Aetna Health Insurance Holding Company, LLC ("Texas Health")[1] files this Motion to Dismiss the Amended Petition (hereinafter the "Amended Complaint") filed by Plaintiff Experience Infusion Center, LLC ("Plaintiff"), and would respectfully show as follows:

### I. INTRODUCTION

Texas Health is an improper party to this dispute, as there is no basis—facially or factually—for Plaintiff to recover against Texas Health in this lawsuit. Plaintiff filed suit against Texas Health seeking payment for medical services it allegedly provided to a member of a health benefit plan allegedly administered by Texas Health. Texas Health was formed, however, just 18 days before Plaintiff filed this lawsuit. Thus, Texas Health did not even exist at the time the medical claims at issue in this case accrued, and it did not (and, in fact, could not) administer or reimburse any of the medical claims for which Plaintiff seeks payment.

---

[1] Texas Health is misnamed as "Texas Health + Aetna Insurance Holding Company, LLC."

After Plaintiff filed this lawsuit, Texas Health filed an original answer, verified denial, and special exceptions in state court notifying Plaintiff that it had sued the wrong party. Plaintiff thereafter agreed to amend its petition to add Aetna Life Insurance Company[2] ("ALIC") and nonsuit Texas Health. Plaintiff filed its Amended Complaint on December 16, 2016, which added ALIC as a party to the lawsuit, but Plaintiff did not dismiss Texas Health as agreed. Texas Health now moves to dismiss Plaintiff's claims against it because Texas Health did not exist when Plaintiff's causes of action accrued and there is no plausible theory for Plaintiff to recover against Texas Health. Because Plaintiff cannot cure this legal reality with any further pleadings, its claims against Texas Health must be dismissed as a matter of law.

## II. NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this lawsuit against Texas Health in state court on September 14, 2016, alleging that "Defendant agreed to pay for the services made the basis of this suit [but] . . . failed to pay plaintiff for said services." (ECF 1-2, ¶¶ 9-10). Texas Health filed a verified denial (ECF 1-3) and special exceptions (ECF 1-4) in state court on October 21 and 28, 2016, respectively, setting forth verified evidence establishing that Texas Health was an improper party to the lawsuit. On December 16, 2016, Plaintiff amended its state court petition to add ALIC as a defendant, but failed to nonsuit Texas Health. (ECF 1-5).

On January 5, 2017, Plaintiff produced previously sealed claims information to Defendants identifying (for the first time) the medical claims subject to its allegations in the Amended Complaint. ALIC timely removed this lawsuit on January 6, 2017 under diversity jurisdiction and federal question jurisdiction based upon complete ERISA preemption. Texas

---

[2] ALIC is the only Aetna entity potentially responsible, if at all, for the medical claims at issue.

Health now moves to dismiss Plaintiff's Amended Complaint because Plaintiff cannot prove any set of facts that would entitle it to relief against Texas Health.

### III. STATEMENT OF ISSUE TO BE RULED UPON AND STANDARD OF REVIEW

The issue to be ruled upon is whether Plaintiff has stated a viable claim against Texas Health given that Texas Health was formed 18 days before Plaintiff filed this lawsuit, and the entity did not exist when Plaintiff's causes of action accrued. A dismissal under Fed. R. 12(b) is subject to a *de novo* review.[3]

### IV. ARGUMENT AND AUTHORITIES

A defendant is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when the face of the plaintiff's pleading shows that it cannot prove any set of facts that would entitle it to relief under the allegations in its pleadings.[4] Upon a motion to dismiss, a court accepts as true the plaintiff's "well-pleaded" allegations and tests the sufficiency of the plaintiff's claims for relief.[5] While the federal rules promote liberal pleading and amendment under Rule 15, federal pleading standards are not meant to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[6]

Additionally, while courts must generally limit their 12(b)(6) inquiry to the allegations stated in the complaint, they may also consider the documents attached to or incorporated in such

---

[3] *Flagg v. Stryker Corp.*, 647 F. App'x 314, 315 (5th Cir. 2016); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 371 (5th Cir. 2015).

[4] *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995); *Garrett v. Commonwealth Mortg. Corp. of Am.,* 938 F.2d 591, 594 (5th Cir. 1991).

[5] *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[6] *Sanborn-Alder v. Cigna Grp. Ins.*, 771 F. Supp. 2d 713, 717 (S.D. Tex. 2011) (Harmon, J.). "[A] plaintiff should be denied leave to amend a complaint if the court determines that 'the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face.'" *Weston v. Chase Mortg. Corp.*, No. H-14-1604, 2014 WL 3942716, at *3 (S.D. Tex. Aug. 12, 2014) (Rosenthal, J.).

complaint, matters of public record, and matters of which they may take judicial notice.[7] Thus, such documents do not contravene Rule 12(b)(6)'s dictate that no evidence shall be attached to a true 12(b)(6) motion.[8]

### A. Plaintiff Cannot Prove Any Set Of Facts Entitling It To Relief Against Texas Health

Plaintiff has failed to state a claim against Texas Health because this defendant could not (and did not) have any involvement with the assigned medical claims at issue. Indeed, Texas Health *did not even exist as an entity* when the disputed medical claims at issue accrued. The Amended Complaint also fails to allege any facts to support a finding that Texas Health administered or reimbursed any of the medical claims at issue.

The crux of Plaintiff's claims in this lawsuit involve the alleged underpayments and denials of certain medical claims Plaintiff purportedly submitted to Aetna for reimbursement for treatment provided to patient "M.H.L." identified in the Complaint. The dates of service for M.H.L.'s medical treatment are February 24, 2011 through June 1, 2015.[9] The Texas Secretary of State filings reflect, however, that Texas Health was not formed as an entity until August 29,

---

[7] *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

[8] *Id*.

[9] *See* Exhibit A. Plaintiff filed its lawsuit with the medical claims attached as Exhibit A, but filed the contents of Exhibit A under seal making them unavailable to Defendants. *See* ECF 1-5, pp. 9-10. In response to Texas Health's discovery requests to Plaintiff seeking the identification of the medical claims at issue, Plaintiff provided the contents of Exhibit A to Defendants on January 5, 2017. Because the medical claims are "referred to in the plaintiff's complaint[]," and are "central to [the Plaintiffs'] claims," it is proper for the Court to consider the medical claims in this motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

2016, which is well over a year after the last disputed date of service.[10] As previously established in state court, ALIC is the Aetna-affiliate that provided third-party claims administrative services to the healthcare plan covering M.H.L. and would have been the Aetna entity involved in the processing and adjudication of Plaintiff's assigned benefits claims for M.H.L's treatment.[11]  And, ALIC is already a party to this case.

Given Texas Health's non-existence at the time that Plaintiff's claims accrued, Plaintiff cannot establish that Texas Health engaged in the purportedly actionable conduct at issue, and there is no reasonable basis for Plaintiff to recover against Texas Health under its allegations in this lawsuit.  Plaintiff has simply sued the wrong Aetna entity by asserting claims against Texas Health.  On this basis alone, Plaintiff's causes of action against Texas Health should be dismissed as a matter of law and any further pleadings to avoid this result would be futile.

**B.    The Plaintiff's Amended Complaint Fails To State A Plausible Claim For Relief Against Texas Health On Its Face**

Plaintiff's Amended Complaint is also facially deficient because it fails to allege any facts to support a finding that Texas Health administered or reimbursed any of the claims at issue.  Plaintiff's allegations erroneously and summarily state that "Plaintiff provided healthcare services to a [patient],[12] . . . Defendant [an "insurance company and/or an administrator" for the patient at issue][13] agreed to pay for the services made the basis of this suit,"[14] but "[c]ontrary to

---

[10] *See* Exhibit B.  Texas Health's formation documents are attached to this Motion for convenience, but are otherwise available in the public record.  This Court can take judicial notice of public records directly relevant to the issue in dispute.  "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Petri v. Kestrel Oil & Gas Properties, L.P.*, H-09-3994, 2011 WL 2181316, at *2 (S.D. Tex. June 3, 2011) (Harmon, J.) (citing *Funk v. Stryker Corp.,* 631 F.3d 777, 780 (5th Cir. 2011)).

[11] *See, e.g.*, ECF 1-3, Affidavit of Antonio A. Simao at ¶¶ 3-4.

[12] ECF 1-5, ¶ 8.

[13] ECF 1-5, ¶ 9.

said representations Defendant failed to pay plaintiff for said services."[15] Notably, Plaintiff's "brief facts" fail to distinguish between the two named Defendants and instead refer to an unspecified defendant in singular form. Without more, these conclusory and undifferentiated allegations are insufficient to state a claim against Texas Health individually.[16] Additionally, a review of the medical claims incorporated by reference in the Amended Complaint[17] reveals that Texas Health had nothing to do with the medical claims at issue, and Plaintiff has not alleged any facts supporting its allegations against Texas Health that are "plausible on [their] face."[18] For this additional reason, Plaintiff's claims against Texas Health should be dismissed as a matter of law.

## V. CONCLUSION AND PRAYER

Plaintiff has incorrectly sued Texas Health because this entity did not exist at the time the medical claims in this lawsuit accrued. Texas Health did not (and could not) administer or reimburse any medical claims purportedly at issue in this lawsuit, and no curative amendment by Plaintiff can change this result. Therefore, Defendant Texas Health respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Petition, and grant such other and further relief to which Texas Health may be entitled.

---

[14] ECF 1-5, ¶ 11.

[15] ECF 1-5, ¶ 12.

[16] *Cf. Fugitt v. Walmart Stores, Inc.*, No. 3:15-CV-2145-B, 2015 WL 7352194, at *2, *4 (N.D. Tex. Nov. 19, 2015) (applying a "Rule 12(b)(6)-type analysis" to find a that there was no "reasonable possibility of recovery" against a defendant where the allegations against him were "undifferentiated").

[17] *See* n.9, *supra*.

[18] *Jurek v. Williams WPC-I, Inc.*, No. H-08-01451, 2009 WL 1748732, at *6 (S.D. Tex. June 17, 2009) (Rosenthal, J.).

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | By:  */s/ Mitchell A. Reid* |
| ANDREWS KURTH KENYON LLP | JOHN B. SHELY |
| and | State Bar No. 18215300 |
| DIMITRI ZGOURIDES | SDOT No. 7544 |
| State Bar No. 00785309 | 600 Travis, Suite 4200 |
| SDOT No. 16513 | Houston, Texas 77002 |
| *dzgourides@andrewskurth.com* | Telephone:  (713) 220-4200 |
| MITCHELL A. REID | Telecopier:  (713) 220-4285 |
| State Bar No. 24037346 | *jshely@andrewskurth.com* |
| SDOT No. 34728 | |
| *mreid@andrewskurth.com* | **COUNSEL FOR DEFENDANTS TEXAS HEALTH + AETNA HEALTH INSURANCE HOLDING COMPANY, LLC AND AETNA LIFE INSURANCE COMPANY** |
| 600 Travis, Suite 4200 | |
| Houston, Texas 77002 | |
| Telephone:  (713) 220-4200 | |
| Telecopier:  (713) 220-4285 | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users," although their representation of Plaintiff terminated on February 22, 2017 [*see* ECF 9].

    John V. Mastriani
    Christopher M. Thornhill
    THE MASTRIANI LAW FIRM
    P.O. Box 460174
    Houston, Texas 77056
    *service@mastrianilaw.com*

Because Plaintiff's counsel has withdrawn from the matter and Plaintiff has until April 7, 2017 to secure new counsel, I hereby certify that I have also served the foregoing document on Plaintiff's registered agent, listed below, by certified mail, return receipt requested.

    Gregg K. Saxe
    Registered Agent for Plaintiff
    6666 Harwin Dr., Suite 600
    Houston, Texas 77036

                                                       */s/ Mitchell A. Reid*
                                                       Mitchell A. Reid