**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EXPERIENCE INFUSION CENTER, LL.C.** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 17-00034** |
| | § | |
| **AETNA LIFE INSURANCE COMPANY (ALIC)** | § | |
| **DEFENDANT** | § | |

<u>**PLAINTIFF'S FIRST ORIGINAL COMPLAINT**</u>

Plaintiff, Experience Infusion Center, LLC files this First amended original complaint, complaining of defendants TEXAS HEALTH & AETNA INSURANCE HOLDING CO, LL.C AND AETNA LIFE INSURANCE COMPANY.

By this First amended complaint, Plaintiff seeks to dismiss all claims against TEXAS HEALTH & AETNA INSURANCE HOLDING CO, LL.C ONLY. Further, by this complaint, Plaintiff seeks recovery for actual damages, statutory penalties and interest, and attorney's fees, for Defendants' improper violations of the Texas Prompt Pay Act. Plaintiff s First Amended Original Complaint is set forth as follows:

<u>**STATEMENT OF CLAIMS**</u>

1. This case involves the a. Texas Prompt Pay Act case, b. Suit On Sworn

1

Account/Account Stated, c. **Fraud, d.** Negligent Misrepresentation, Acts Of Agents Imputed To Principal. Plaintiff is a licensed health care provider who provided infusion care services to a number of Defendants' insureds as an out of network provider in the State of Texas. All the infusion care services were provided to Defendants' insured in the State of Texas. During the time when these patients were provided infusion care services, Plaintiff was a licensed health care provider with a valid NPI number through which claims for infusion care services were submitted to Defendants for payment. During this time, Plaintiff was also credentialed by Defendants to provide infusion care services to its insureds as an out of network provider. All of the claims for infusion care services that were submitted by Plaintiff to Defendants for payment were expected to be properly and timely paid by Defendants according to the requirements of the Texas Prompt Pay Act; and, at the payment rate contained in the bills or invoices submitted to Defendants for payment. Despite the requirements of the Texas Prompt Pay Act,

2. Defendants failed to timely and properly pay Plaintiff s claims, resulting in substantial damages. By filing this lawsuit, Plaintiff seeks to recover actual damages, statutory penalties and interest, and attorney's fees for all of the unpaid claims and underpaid claims for infusion care services that Defendants

refused and/or failed to timely and properly pay in compliance with the Texas

Prompt Pay Act.

3.  To be clear, Plaintiff seeks recover the difference between the full amount billed

and, the amount paid, if any, for each and every infusion care service claim that

Plaintiff submitted to Defendant for payment in regard to the infusion care

services provided to Defendants' insureds

4.  Plaintiff is in the business of providing health care services.

Plaintiff provided healthcare services to the patients attached in Exhibit A"

("services") in the amount of $26,832,479.98 and the Defendant paid,

$7,889,522.42 leaving a remainder of the mount of $18,814,941.73 still owed to

the Plaintiff.  See attached Exhibit "A"

5.  In support of these damages, Plaintiff has prepared a spreadsheet that itemizes

the individual claims data information for each claim at issue in this case. A Joint

HIPAA compliant Qualified Protective Order has been filed by the parties the

spreadsheet will be produced to Defendants. Plaintiff was assigned benefits as a

provider.

6.  Monies owed Plaintiff on behalf of services provided were not paid although

payments for said services were provided to the Defendant from her plan.

Monies owed Plaintiff were also improperly offset by Defendant from other

patients that Plaintiff provided services for Plaintiff also contends that many of the offsets from said services were not properly offset given that Defendant failed to follow the proper procedures with respect to said, including but not limited to, The offsets are not proper; and The offsets are not timely.

## II.  **PARTIES**

### .4. *Plaintiff*

7. Plaintiff is a health care provider doing business as an infusion care center in Houston, Texas. Plaintiff is a resident and citizen of the State of Texas. At all times material to this case; Plaintiff provided infusion care services to Defendant's insureds as an out of network provider in the State of Texas. During the time period when these patients were provided infusion care services, Plaintiff was a licensed health care provider with a valid NPI number through  which claims for infusion care services were submitted to Defendants for payment. During this time period, Plaintiff was also credentialed by Defendants to provide infusion care services to its insureds as an out of network provider; and, all patient care and treatment occurred in Texas.

### B. Defendants

8.  Defendant ALIC is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the State Court Action was filed. ALIC continues to be incorporated in and have its principal place of business in the State of Connecticut. ALIC did not have its principal place of business in the State of Texas and was not incorporated in the State of Texas at the time of the filing of the State Court Action or at the time. This Defendant may be served with citation through the following registered agent for service of process: Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218. The Clerk is requested to issue service of citation at this time so that this Defendant may answer and make an appearance in this lawsuit. This Defendant may be served with citation through the following registered agent for service of process: Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218. The Clerk is requested to issue service of citation at this time so that this Defendant may answer and   make ·an appearance in this lawsuit.

### III. JURISDICTION AND VENUE

A.   *Jurisdiction*

9.  This Court has both subject matter and personal jurisdiction over Defendants.

Pursuant to § 1332(a) of the United States Code, this Court has diversity jurisdiction over this case. 28U.S.C.A. *§* 1332(a) (West 2015). The amount in controversy for this case, exclusive of interest and costs, exceeds the sum or value of $75,000.00; and Plaintiff and Defendants are citizens of different States. Specifically, Plaintiff is a citizen of the State of Texas and Defendants are citizens of the State of Illinois.

10. Accordingly, this Court may exercise subject matter jurisdiction over this case. This Court has personal jurisdiction over Defendants in this case for the following reasons: (1) At all times material to this case, Defendants were (and still are) licensed by the State of Texas as insurers to provide health insurance benefits to insureds in the State of Texas; (2) At all times material to this case, Defendants provided (and still provide) health insurance benefits to thousands of Texans all across the State of Texas and in the Southern District of Texas; (3) Defendants were the health insurers that provided health insurance benefits to the patients/insureds who were provided with out of network infusion care services by . Plaintiff in this case; and, (4) The claims for infusion care services that were submitted to Defendants  for  full and prompt payment by Plaintiff were submitted to Defendants, processed by Defendants,  and not properly or timely paid by Defendants in the State of Texas.

11. In sum, the evidence shows that this Court may exercise both general and specific personal jurisdiction over Defendants. Given the fact that Defendants conduct a substantial amount of business in the State of Texas and have purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas, including the adjudication of claims of this nature in federal court in the State of Texas, Defendants have both continuous and systematic contacts with the State of Texas to support the exercise of general personal jurisdiction over Defendants. Additionally, based on their conduct in this case, Defendants have sufficient minimum, purposeful contacts with the State of Texas for this Court to exercise specific personal jurisdiction over these Defendants in this case. Finally, given Defendants' connection to the State of Texas, the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

*B.    Venue*

12. Venue is proper in this Court and Division under § 1391(b)(l)-(2) of the United States Code because all Defendants "reside" in the State of Texas (in which this judicial district is located) based on the provisions of §§ 139l (c)(2) and 139l(d) of the United States Code; and, all or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial ,district. 28 U.S.C.A.  §  1391(b)(l)-(2) (West

7

2015);  28  U.S.C.A.  §§  1391(c)(2),  139l(d) (West 2015).

13. A civil action can be brought in a judicial district in which any defendant resides

 and a judicial district in which all or a substantial part of the events or omissions

giving rise to the claim occurred. 28 U.S.C.A. § 1391(b)(l)-(2) (West 2015). Venue is

appropriate in this Court and division according to the venue provisions set forth

in § 1391(b)(l)-(2) of the United  States  Code; and, §§ 1391(c)(2) and 1391(d) of

the United States Code. 28 U.S.C.A. § 1391(b):(l).-(2) (West 2015); 28 U.S.C.A. §§

1391(c)(2), 139l(d) (West  2015).

Pursuant to §§ 1391(c)(2) and 1391(d) of the United States Code

14. Defendants are corporate entities with the capacity to sue and be sued in their

common name under applicable law. 28 U.S.C.A. §§ 1391(c)(2), 1391(d) (West

2015). Defendants are also subject to personal jurisdiction in the State of Texas

and this district. *Id.* Accordingly, Defendants are deemed, to reside in this district

for venue purposes because Defendants are subject to personal jurisdiction with

respect to the civil action in question. 28 U.S.C.A. §§ 139l(c)(2), 1391(d) (West

2015). Venue is proper in this Court and Division under 28 U.S.C.A. § 1391(b)(l)

(West 2015)

15. Venue is also proper in this Court and Division under § 1391(b)(2) of the

United States Code because all or a substantial part of the events giving rise

to Plaintiff s claims occurred in this judicial district. 28 U.S.C.A. § 1391(b)(2) (West 2015). As stated  above,  the  claims asserted by Plaintiff against Defendants seek relief under the Texas Prompt Pay Act. At the time of the events giving rise to this lawsuit, Plaintiff provided infusion care services to patients at multiple office locations in the Houston, Harris County area as well as in Highlands, Chambers County, Texas. All of the infusion care services that were provided to Defendants' insureds, in this case were provided in the State of Texas. The individual insureds to whom infusion care services were provided in this case live in Houston, Harris County, Texas and League ·City, Galveston County, Texas. All of the bills, invoices, or claims for infusion care services that were submitted to Defendant for payment on services rendered were sent to Defendants from Texas; and, were processed by Defendants in Texas.

IV. <u>STATEMENT OF FACTS</u>

16. The claims asserted by Plaintiff against Defendant seek relief under the Texas Prompt Pay Act and. All of the infusion care services that were provided to Defendants' insureds were provided in the State of Texas. All of the bills, invoices, or claims for infusion care services that were submitted to Defendant for payment on services rendered were sent to

Defendants from Texas; and, were processed by Defendants in Texas.
Each of the patients who received infusion care services from Plaintiff
during the time period at issue in this case received their health
insurance benefits through Defendants; however, none of the health
insurance benefits were provided to these patients as a part of any
ERISA-based health plan. Accordingly, no provision of the Employee
Retirement Income Security Act ("ERISA") applies to this case.   Instead,
the statement statutory duties and obligations owed to Plaintiff by
Defendants arise exclusively from the independent legal duties owed by
an insurer to out of network, infusion care providers, under the Texas
Prompt Pay Act.  These claims are detailed below.

17. At all times, relevant to the allegations contained in this complaint,
Defendants were "insurers"  as this  term  is  defined  in  the  Texas
Insurance  Code.   TEX.  INS.  CODE ANN. § 1301.00I (S)(Vernon 2015)
(stating that the term "insurer" means a life, health, and accident insurance
company, health and accident insurance company, health insurance
company, or other company operating under Chapters 841, 842, 884, 885,
982,  or  1501  of  the  Texas  Insurance  Code, that is authorized to issue,

deliver, or issue for delivery in the State of Texas health insurance policies). During the relevant time periods for this case, Defendants were licensed to do business in the State of Illinois and Texas as a health insurance company. As a licensed insurer doing business in the State of Texas, Defendants are subject to the laws of the State of Texas governing unfair trade practices and the prompt payment of claims, including the provisions of the Texas Prompt Pay Act.

18. At all times relevant to the allegations contained in this complaint, Plaintiff was a health provider who provided specialty or other medical care or health care services at the request of an in network, preferred provider because the services provided by Plaintiff were not reasonably available from an in network preferred provider who was included in the preferred delivery network.

19. Plaintiff provided infusion care services to patients who received their health insurance through Defendants. At the time the infusion care was provided to these patients, Plaintiff was an out of network provider, meaning that Plaintiff did not have a written provider contract with Defendants by which Plaintiff and Defendants had agreed upon

particular fee for service rates for the provision of infusion care to

Defendants' insureds. All of the infusion care services provided Defendants'

insureds constitute "specialty or other medical care or health care

services" that were provided to Defendants' insureds at the request of an

in network, preferred provider named Patricia Salvato, M.D. The infusion

care services were requested by Dr. Salvato because the infusion care

services provided by Plaintiff were not reasonably available from an in

network preferred provider who was included in the preferred delivery

network. Accordingly, Plaintiff has standing under the Texas Prompt Pay

Act to assert a claim for actual damages, penalties and interest, and

attorney's fees. TEX. INS. CODE ANN. § 1301.069(1)(2)(B) (Vernon 2015).

Once the infusion care was provided to these patients, Defendants were

billed for the infusion care services that were provided by Plaintiff through

the submission of a "clean" claim as defined in the Texas Insurance Code.

TEX. INS. CODE ANN. § 1301.131 (Vernon 2015); TEX. INS. CODE ANN. §

843.336 (Vernon 2015). The claims for infusion care services were

submitted by Plaintiff to Defendants for payment in electronic format.

20. All the claims submitted to Defendants for payment complied with all the

necessary elements of a clean claim as set forth in § 1301.131 and § 843.336 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.131 (Vernon 2015); TEX. INS. CODE ANN. § 843.336. (Vernon 2015). Plaintiff s clean claims were timely submitted to Defendants for prompt payment, not later than the 95th day after the date Plaintiff provided the infusion care services for which the claim was made in compliance with §§ 1301.102 and 843.337 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.102 (Vernon 2015); TEX. INS. CODE ANN. § 843.337 (Vernon 2015).

21. Defendants were required to pay Plaintiff for the clean claims (at the specified rate billed to Defendants by Plaintiff) that were properly and timely submitted to Defendants within the statutorily prescribed 30 day deadline set forth in §§ 1301.103 and 843.338 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.103 (Vernon 2015); TEX. INS. CODE ANN. § 843.338 (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of network providers); Tux. INS. CODE ANN. § 843.351 (Vernon 2015) (same); TEX. INS. CODE. ANN. § 1301.056 (Vernon 2015) (prohibiting insurers and third party

administrators from unilaterally discounting or refusing to pay out of

network providers for services rendered at the rate billed by provider).

22. Despite the timely and proper submission of clean claims, Defendants

did not: (1) contest or dispute Plaintiff s claims within the 30-day

deadline for action; (2) determine that the clean claims submitted by

Plaintiff were payable at the rate of payment set forth by Plaintiff, and

(3) did not pay the billed charges submitted by Plaintiff according to the

rate of payment set forth in the clean claim forms submitted by Plaintiff,

as required under Texas law. TEX. INS. CODE ANN. § 1301.103 (Vernon

2015); TEX. INS. CODE ANN. § 843.338 (Vernon 2015); TEX. INS. CODE

ANN. §. 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply

to out of net work providers); TEX. INS. CODE ANN. § 843.351 (Vernon

2015) (same); TEX. INS. CODE. ANN. § 1301.056 (Vernon 2015)

(prohibiting insurers and third party administrators from unilaterally

discounting or refusing to pay out of network providers for services

rendered at the rate billed by provider).

23. In violation of the Texas Prompt Pay Act, Defendants failed to timely

and properly pay Plaintiff for the full amount of the billed charges

submitted to Defendants for services rendered on these infusion care

patients as required by the Texas Prompt Pay Act. Consequently,

Plaintiff has experienced substantial actual damages; and, seeks all

relief available under the Texas Prompt Pay Act, including actual

damages, statutory penalties and  interest, and attorney's   fees for

claims that were never paid at all; and, for those claims that were

improperly and untimely underpaid by Defendants in violation of the

Texas Prompt Pay Act.

## V.    TEXAS PROMPT PAY ACT CLAIMS

24.     As outlined above, this is a case in which Plaintiff is pursuing its

remedies under the Texas Prompt Pay Act. TEX. INS. CODE. ANN. §§

1301.101-1301.109 (Vernon 2015) and TEX. INS. CODE. ANN. §§

843.336-843.354 (Vernon 2015). Despite the timely and proper

submission of clean claims, Defendants did not: (1) contest or dispute

Plaintiff s claims within the 30 day dead line for action; (2) determine

that the clean claims submitted by Plaintiff were payable at the rate of

payment set forth by Plaintiff, and (3) did not pay the billed charges

submitted by Plaintiff according to the rate of payment set forth in the

clean claim forms submitted by Plaintiff, as required under Texas law.

TEX. INS. CODE ANN. § 1301.103 (Vernon 2015); TEX. INS. CODE ANN. §

843.338 (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015)

(Texas Prompt Pay Act requirements apply to out of network providers);

TEX. INS. CODE ANN. § 843.351 (Vernon 2015 (same); TEX. INS. CODE.

ANN. § 1301.056 (Vernon 2015) (prohibiting insurers and third party

administrators from unilaterally discounting or refusing to pay out of

network providers for services rendered at the rate billed by provider).

25.     In violation of the Texas Prompt Pay Act, Defendants failed to

timely and properly pay Plaintiff for the full amount of the billed

charges submitted to Defendants for services rendered on these

infusion care patients as required by the Texas Prompt Pay Act.

Consequently, Plaintiff has experienced substantial actual damages;

and, seeks all relief available under the Texas Prompt Pay Act, including

actual damages, statutory penalties and interest, and attorney's fees for

claims that were never paid at all; and, for those claims that were

improperly and    untimely underpaid by Defendants in violation of the

Texas Prompt Pay Act.

26. For the wholly unpaid claims, Defendants are required to pay Plaintiff the

total amount of the billed charges (actual damages); and, pursuant to §

1301.137(c) of the Texas Insurance Code, and § 843.342(c) of the Texas

Insurance Code, a penalty in the amount of the lesser of: (1) 100 percent of

the billed charges, as submitted by Plaintiff, or $200,000.00 per claim

submitted, plus 18 percent annual interest on this amount per claim. TEX.

INS. CODE ANN. § 1301.137(c) (Vernon 2015); TEX. INS. CODE ANN. §

843.342(c) (Vernon 2015); TEX. INS. CODE ANN. § \1301.069 (Vernon 2015)

(Texas Prompt Pay Act requirements apply to out of net . work providers);

TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same). Interest on the

individual claim amounts accrues beginning on the date the insurer was

required to pay the claim and  ending on the date the claim and the penalty

are paid in full.  TEX. INS. CODE ANN. § 1301.137(c) (Vernon 2015);  TEX.  INS.

CODE ANN.  § 843.342(c)  (Vernon  2015);  TEX.  INS.  CODE  ANN . . § 1301.069

(Vernon 2015) (Texas Prompt Pay Act requirements apply to out of network

providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2009) (same).

27. For the claims that were improperly and untimely underpaid, Defendants

are required to pay Plaintiff the total amount of the difference between

100 percent of the billed charges, as submitted by Plaintiff, and the amount

that was partially paid (actual damages); and, all available relief under §

1301.137(d)-(f) of the Texas Insurance Code, and § 843.342(d)-(f) of the

Texas Insurance Code, including statutory penalties and interest on the lesser of: (1) underpaid amount for each claim (e.g., the difference between 100 percent of the billed charges, as submitted by Plaintiff, and the amount that was partially paid), or $200,000.00 per underpaid claim submitted, plus 18 percent annual interest on this amount per claim. TEX. INS. CODE ANN. § 1301.137(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 843.342(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of network providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same). Interest on the individual claim amounts accrues beginning on the date the insurer was required to pay the claim and ending on the date the claim and the penalty are paid in full. TEX. INS. CODE ANN. § 1301.137(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 843.342(d)-(f) (Vernon 2015); TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt Pay Act requirements apply to out of network providers); TEX. INS. CODE ANN. § 843.351 (Vernon 2015) (same).

## VI.   SUIT ON SWORN ACCOUNT/ACCOUNT STATED

28.     Plaintiff incorporates paragraphs 16 through 27 herein. Plaintiff would show the Court that it is entitled to recover damages based

upon its sworn account. This action is founded on open account for

sale of goods and merchandise, business dealings between the

parties, labor done, labor furnished and material furnished. The

conduct of the Defendant constitutes a refusal and failure to pay the

balance owing on the verified account attached hereto as Exhibit "A."

As shown in the itemized and verified account attached hereto and on

the dates evidenced thereby Plaintiff provided services and/or sold

goods, wares, and merchandise to the Defendant in the regular

course of business. Defendant accepted the goods and merchandise

and thereby promised to and became bound to pay the agreed price,

which price was reasonable, fair, and was stated in the request for

payment therefor. Plaintiff does hereby, pursuant to its sworn account

claim, sue,  and asset its claim against Defendant for all of such

damages, attorney fees, statutory damages plus all prejudgment and

post-judgment interest allowed by law

## VII.    FRAUD

29. Plaintiff incorporates paragraphs 16 through 28 herein. In doing the

acts herein alleged, Defendant made a material, false representation

to Plaintiff. When the Defendant made the representation, the

Defendant knew the representation was false and/or made the representation recklessly, as a positive assertion, and without knowledge of its truth. The Defendant made this representation with the intent that the Plaintiff acts on it. The Plaintiff relied on the representation and the representation caused the Plaintiff injury, damages and actual loss. Defendant's fraud caused the Plaintiff s injury, to which specific performance and an award of monetary damages would be adequate compensation. Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services along with attorney fees, statutory damages plus all prejudgment and post-interest allowed by law

## VIII.   NEGLIGENT   MISREPRESENTATION

30.      Plaintiff incorporates paragraphs 16 through 29 herein. Defendant made a representation to the Plaintiff in the course of the Defendant's business or in a transaction in which the Defendant had an interest. The Defendant supplied false information for the guidance of Plaintiff and did not exercise reasonable care or competence in obtaining or communicating the information. The Plaintiff justifiably relied on the

representation and the Defendant's negligent misrepresentation caused the Plaintiff's injury. Defendant's negligent misrepresentation caused the Plaintiff's injury. to which specific performance and an award of monetary damages would be adequate compensation. Such damages include, without limitation, the loss of the agreed upon amount to be paid, as well as the time, labor and materials for the services along with attorney fees, statutory damages plus all prejudgment and post-judgment interest allowed by law.

IX.   ACTS OF AGENTS IMPUTED TO PRINCIPAL

31.   Any averment herein of individuals is within the course and scope of their relationship with Defendant. Defendant negligently supervised their agents, servants and assigns, which proximately caused all damages sought herein. Specifically failure to supervise its agents, employees and assigns and any individuals whose acts and omissions proximately damaged Plaintiff.

32.   Plaintiff incorporates paragraphs 16 through 31 herein. In the alternative, Defendant accepted goods or the creation of said goods from Plaintiff without compensating Plaintiff. Defendant would be unjustly enriched if it did not pay Plaintiff what was owed and

compensate Plaintiff for all damages sustained as a result of

Defendant's acts and omissions.

### X.    ATTORNEYS FEES

Plaintiff is entitled to recover reasonable and necessary attorney fees under

Texas Civil Practice & Remedies Code chapter 38 because this is a suit on

rendered services, performed labor, furnished material, an account and a

written or oral contract, which is listed in section 38.001. Plaintiff retained

counsel, who presented Plaintiff's claim to Defendant. Defendant did not

tender the amount owed within 30 days of the date the claim was presented.

### VI. WAIVER

According to § 1301.103 and § 843.338 of the Texas Insurance Code,

within 30 days of receiving an electronic "clean claim" (45 days for non-

electronic clean claims) from an out of network provider, "the insurer *shall*

*make a determination of whether the claim is payable* and:

1. If the insurer determines the entire claim is payable, pay the total amount of the claim in accordance with the contract between the preferred provider and the insurer;

2. If the insurer determines a portion of the claim is payable, pay the portion of the claim that is not in dispute *and notify the preferred provider in writing why the remaining portion of the claim will not be paid;* or

3. If the insurer determines that the claim is not payable, *notify the preferred provider in writing why the claim will not be paid.* "

Texas Insurance Code requires an insurer to pay or dispute an out of network provider's claim within the 30/45-day deadline. *Id.* There is no other time period provided in the statute to allow the insurer to fulfill its statutory duty to "make a determination of whether the claim  is  payable[.]" *Id.* In fact, the Prompt Pay Act contains multiple provisions that expressly prohibit any extension of the 30/45-day deadline to allow the insurer more time to fulfill its pay or dispute duties under §§ 1301.103 and 843.338 of the Texas Insurance Code. TEX. INS. CODE ANN. § 1301.1053 (Vernon 2015); TEX. INS. CODE ANN. § 843.3405 (Vernon 2015); TEX. INS. CODE ANN. § 1301.134(b) (Vernon 2015); TEX. INS. CODE ANN. § 843.349(b) (Vernon 2015).

None of Plaintiff's claims in this case were properly  paid  or  disputed  within the  30/45-day deadline. Defendants  never  alleged  that  any  of  Plaintiff's claims  were  improperly  or untimely submitted for payment, or complained to Plaintiff that  any  claim  submitted  by  Plaintiff was not a "clean claim" as defined by Texas law within the statutorily required time period . By failing to contest or dispute any of Plaintiff's claims within the 30/45 day deadline, Defendants have waived the ability to contest or dispute these claims in the context  of this  case. TEX. INS. CODE ANN.  § 1301.137 (Vernon 2015); TEX. INS. CODE ANN.  § 843.342

(Vernon 2009);  TEX. INS. CODE ANN. § 1301.069 (Vernon 2015) (Texas Prompt

Pay Act requirements apply to out of  network providers) and TEX. INS. CODE

ANN. § 843.351 (Vernon 2015) (same). Finally, none of the defenses set out in the

Texas Prompt Pay Act that are potentially available to avoid  the  penalties

discussed above are applicable. TEX. INS. CODE ANN.  § 1301.137(h) (Vernon

2015)  and TEX. INS. CODE ANN. § 843.342(h) (Vernon 2015).

## VII. <u>CONDITIONS PRECEDENT</u>

Plaintiff has complied with all conditions precedent necessary to the filing of this

lawsuit. Plaintiff has fulfilled all written notice requirements under Texas law that

are necessary for the presentment of its Texas Prompt Pay Act claims and its claim

for reasonable attorney's fees. In sum, all conditions precedent that form the

basis of Plaintiff's claims against Defendants have occurred, been satisfied, or

have been fulfilled.

## VIII. <u>JOINT AND SEVERAL LIABILITY</u>

Defendants are jointly and severally liable for the Texas Prompt Pay Act violations
that form the basis of this lawsuit.

## IX. <u>INTEREST AND COSTS</u>

Plaintiff seeks the recovery of pre-judgment interest and post-judgment interest

as authorized by law.  Plaintiff also seeks recovery for all costs, including costs of

court.

## X. JURY DEMAND

Plaintiff hereby demands a trial by jury as guaranteed by the Texas and  U.S.

Constitutions.  Plaintiff has paid the jury fee for a jury trial.

## XI. CONCLUSION AND  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the

Defendants, jointly and severally, as follows:

1. Actual damages in the amount of the difference between the actual amount paid, if any, and the total billed amount for each clean claim presented;

2. The statutory penalty and interest amount on each unpaid and underpaid claim at issue as calculated under § 1301.137 of the Texas Insurance Code, and § 843.342 of the Texas Insurance Code;

3. Reasonable attorney's fees as recoverable pursuant to § 38.001 of the Texas Civil Practice and Remedies Code and the Texas Prompt Pay Act;

4. Court costs;

5. Pre-judgment  interest at the maximum  legal  rate;

6. Post-judgment interest at the maximum legal rate; and,

7. Such other and further relief as the Court may consider proper.

Respectfully submitted,

*/S/Diogu Kalu Diogu ii. LL.M.*
Diogu Kalu Diogu II, LL.M. (24000340)

P.O. Box 994
Fulshear, Texas 77441
Telephone:  (713) 791 3225
Facsimile:    (832) 408-7611
E-mail: diogu.diogu.law.firm@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 05th, 2017 I electronically filed the foregoing

First Amended Original Complaint with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing to the following at their e-mail

address on file with the Court:

JOHN B. SHELY
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Telecopier:  (713) 220-4285
jshely@andrewskurth.com

**Mitchell Allan Reid**
Andrews Kurth LLP
600 Travis, Ste 4200
Houston, TX 77002
713-220-4138
Fax: 713-238-7305
Email: mreid@andrewskurth.com

Respectfully submitted,

*/S/Diogu Kalu Diogu ii. LL.M.*
Diogu Kalu Diogu II, LL.M. (24000340)