IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-034 |
| | § | |
| TEXAS HEALTH + AETNA HEALTH INSURANCE HOLDING COMPANY, LLC, and AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Three motions are pending: Aetna Life Insurance's motion for summary judgment; Experience Infusion Center's motion for leave to file a third amended complaint; and Experience Infusion's motion for an extension of time to seek leave to amend its complaint. (Docket Entry Nos. 29, 31, 44). Experience Infusion explains that it has recently retained new counsel and "withdraws its current Motion for Leave to File a Third Amended Complaint." (Docket Entry No. 45). Instead of granting the pending motion for leave to amend, Experience Infusion urges the court to extend the time to seek leave to amend so new counsel can file a different amended complaint that "better fleshes out the ERISA claims and the breach of contract claims." Experience Infusion acknowledges that some of its claims are preempted by ERISA; does not oppose dismissal of its claim for a suit on sworn account; seeks to add certain ERISA claims; and seeks to add a breach-of-contract or unjust-enrichment claim to replace its claim under the Texas Prompt Payment Act. (Docket Entry No. 44, at p. 11). Experience Infusion argues that Aetna will not be prejudiced because the parties have not begun discovery.

1

Aetna argues that another amended complaint "is nothing more than attempt to avoid summary judgment." (Docket Entry No. 43, at p. 8). Aetna argues that Experience Infusion has not shown good cause because it failed to amend its complaint before Aetna's deadline to move for summary judgment on ERISA preemption, and that another amendment will require a new and expensive round of summary judgment briefing.

Rule 16(b) requires a district court to enter a scheduling order setting deadlines, including for pleading amendments. *See* FED. R. CIV. P. 16(b)(1). By limiting the time for amending pleadings, Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings will be fixed." *See id.* (Advisory Committee Notes to 1983 Amendment). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

The Rule 16(b) "good cause" standard, rather than the Rule 15(a) "freely given" standard, governs a motion to amend filed after a court's scheduling order deadline. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). The good-cause standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). In deciding whether there is good cause to amend a scheduling order, courts consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Bias*, 816 F.3d at 328.

Experience Infusion's failure to move earlier weighs in favor of denying leave to amend.

But because Experience Infusion recently obtained new counsel and acknowledges that some claims in the now-withdrawn proposed third amended complaint are meritless, amendment is important to Experience Infusion and could narrow the disputed issues. Although Aetna has already sought summary judgment on preemption, the parties have not yet begun discovery, and Experience Infusion acknowledges the preemption of some claims and proposed to amend based on that. Experience Infusion has shown good cause.

The motion to extend the time to seek leave to amend, (Docket Entry No. 44), is granted. Experience Infusion must file its amended complaint by **December 8, 2017**. The motion for leave to file the third amended complaint, (Docket Entry No. 31), is denied as moot. Experience Infusion also recently responded opposing Lisa White Watkins's motion to intervene. (Docket Entry No. 47). Because the court already granted Watkins's motion to intervene, (*see* Docket Entry No. 36), Experience Infusion's response need not be addressed.

SIGNED on December 1, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge