**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTER, LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | C.A. NO. 4:17-cv-00034 |
| AETNA LIFE INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

---

# REPLY and OBJECTIONS IN SUPPORT OF DEFENDANT AETNA LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

---

OF COUNSEL:

ANDREWS KURTH KENYON LLP
    and
DIMITRI ZGOURIDES
State Bar No. 00785309
SDOT No. 16513
dzgourides@andrewskurth.com
MITCHELL A. REID
State Bar No. 24037346
SDOT No. 34728
mreid@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Telecopier:  (713) 220-4285

JOHN B. SHELY
State Bar No. 18215300
SDOT No. 7544
jshely@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Telecopier:  (713) 220-4285


ATTORNEY-IN-CHARGE FOR
DEFENDANT AETNA LIFE
INSURANCE COMPANY

# TABLE OF CONTENTS

Appendix..................................................................................... ii

Table of Authorities ............................................................... iii

I.    INTRODUCTION AND SUMMARY .......................................... 1

II.   REPLY ARGUMENTS .......................................................... 3

     A.    Plaintiff Should Have Conceded ERISA
          Preemption of its TPPA Claim as Applied to
          Insured ERISA Plans Since it Offers no
          Argument in Response ...................................................... 3

     B.    Plaintiff Cannot Rescue Its TPPA Claim as to
          the Five Remaining Patients Covered by Fully
          Insured, ERISA-Exempt Plans ............................................ 6

     C.    Plaintiff's New "Recoupment" Theory Cannot
          Support Claims for Fraud or Negligent
          Misrepresentation .............................................................. 9

          1.    EOBs Only Reflect How a Particular
              Claim was Adjudicated ............................................ 9

          2.    Promises of Future Action are not
              Actionable as Misrepresentation Claims ............... 11

          3.    Misrepresentation Claims are not Viable
              Where Express Contracts Govern ......................... 12

          4.    Plaintiff's Purported "Reliance" on EOBs
              as Representation of Future Payment is
              Nonsensical ............................................................ 13

          5.    Plaintiff's Argument Demonstrates its
              Misrepresentation Claims are
              Preempted as Against ERISA Plans ........................ 14

III.  CONCLUSION .................................................................. 15

HOU:3856106.1

## APPENDIX

| Exhibit | Description |
|---------|-------------|
| A | Example EOB produced by Plaintiff |

HOU:3856106.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am.'s Health Ins. Plans v. Hudgens*,
  742 F.3d 1319 (11th Cir. 2014)..........................................................5

*Christus Health Gulf Coast v. Aetna, Inc.*,
  397 S.W.3d 651 (Tex. 2013) .................................................................6

*Cicio v. Does*,
  321 F.3d 83 (2d Cir. 2003) .................................................................6

*Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*,
  88 F.3d 347 (5th Cir. 1996)................................................................11

*Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*,
  __ F.3d __, No. 16-20398, 2017 WL 6460150 (5th Cir.
  Dec. 19, 2017).................................................................................3

*Drake v. Bank of Am. Corp.*,
  No. H-15-1639, 2016 WL 6909287 (S.D. Tex. Mar. 9,
  2016) ........................................................................................ 12, 14

*El Paso Healthcare Sys., Ltd. v. Molina Healthcare of N.M.,
  Inc.*,
  683 F. Supp. 2d 454 (W.D. Tex. 2010) ..............................................13

*Ellis v. Liberty Life Assurance. Co.*,
  394 F.3d 262 (5th Cir. 2004)...............................................................5

*Health Care Serv. Corp. v. Methodist Hosps. of Dallas*,
  814 F.3d 242 (5th Cir. 2016)...............................................................5

*Hotz v. Blue Cross & Blue Shield of Mass., Inc.*,
  292 F.3d 57 (1st Cir. 2002) .................................................................6

– iii –

*Houston Methodist Hosp. v. Humana Ins. Co.*,
    No. H-16-1469, 2017 WL 3037416 (S.D. Tex. July 17,
    2017) (Lake, J.) .................................................................................5

*Ibe v. Jones*,
    836 F.3d 516 (5th Cir. 2016) (Miller, J.) ............................................12

*James v. Wells Fargo Bank, N.A.*,
    533 F. App'x 444 (5th Cir. 2013) ......................................................11

*Kanne v. Conn. Gen. Life Ins. Co.*,
    867 F.2d 489 (9th Cir. 1988) (per curiam) .........................................6

*Mahmoud v. De Moss Owners Ass'n, Inc.*,
    865 F.3d 322 (5th Cir. 2017) ............................................................10

*Martin v. John W. Stone Oil Distrib., Inc.*,
    819 F.2d 547 (5th Cir. 1987) ..............................................................7

*Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*,
    904 F.2d 236 (5th Cir. 1990) ............................................................15

*Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*,
    No. H-15-100, 2015 WL 5825128 (S.D. Tex. Oct. 6, 2015)
    (Miller, J.) .......................................................................................14

*N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*,
    781 F.3d 182 (5th Cir. 2015) ..............................................................5

*R.R. Mgmt. Co. v. CFS La. Midstream Co.*,
    428 F.3d 214 (5th Cir. 2005) ..............................................................8

*Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*,
    620 F.3d 465 (5th Cir. 2010) ............................................................10

*Schoedinger v. United Healthcare of the Midwest, Inc.*,
    557 F.3d 872 (8th Cir. 2009) ..............................................................5

*Snapt Inc. v. Ellipse Commc'ns Inc.*,
    430 F. App'x 346 (5th Cir. 2011) .......................................................7

*SW. Bell Tel. Co. v. DeLanney*,
  809 S.W.2d 493 (Tex. 1991) ............................................................12

*Tolson v. Avondale Indus., Inc.*,
  141 F.3d 604 (5th Cir. 1998)..............................................................3

*Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex.,*
  *Inc.*,
  164 F. 3d 952 (5th Cir. 1999)............................................................14

**Statutes**

ERISA § 502(a)(1)(b) ...........................................................................1, 3

Texas Prompt Pay Act ..............................................................................1

TPPA .............................................................................................*passim*

**Other Authorities**

http://www.aetna.com/dse/search?site_id=docfind&langpref=en&tabK
  ey=tab1#markPage=clickedPagination&whyPressed=geo&search
  Query=infusion&searchTypeMainTypeAhead=&searchTypeThrCol
  =&mainTypeAheadSelectionVal=&thrdColSelectedVal=&aetnaId=
  &Quicklastname=&Quickfirstname=&QuickZipcode=77007&Quic
  kCoordinates=29.770417999999996%2C-
  95.41057600000002&quickCategoryCode=&QuickGeoType=city&
  stateCodeFromCounty=&countyCode=&geoSearch=Houston%2C
  %20Texas&geoMainTypeAheadLastQuickSelectedVal=Houston%2
  C%20Texas&geoBoxSearch=true&stateCode=TX&quickSearchTer
  m=&classificationLimit=&pcpSearchIndicator=&specSearchIndicat
  or=&suppressFASTDocCall=true&linkwithoutplan=true&publicPla
  n=&displayPlan=Select&zip=&filterValues=&pagination=0&radius
  =15&lastPageTravVal=&sendZipLimitInd=&site_id=docfind&sortO
  rder=&ioeqSelectionInd=&ioe_qType=&switchForStatePlanSelect
  ionPopUp=&actualDisplayTerm=&withinMilesVal=15..............8, 9

HOU:3856106.1

## I.   INTRODUCTION AND SUMMARY

Plaintiff's Second Amended Complaint alleged violations of the Texas Prompt Pay Act ("TPPA"), suit on sworn account, and claims for negligent misrepresentation and fraud. Aetna filed its Motion for Summary Judgment seeking to dismiss all of Plaintiff's causes of action because Plaintiff had either previously abandoned (i.e., breach of contract) or failed to ever assert (i.e., a § 502(a)(1)(B) claim for benefits under ERISA) legitimate claims.

In its Opposition to Aetna's Motion for Summary Judgment, Plaintiff abandoned its TPPA claim as applied to self-funded plans and self-funded ERISA plans, and further conceded it "has no good-faith argument to oppose dismissal of" its suit on sworn account.[1] Plaintiff then requested leave to amend "so that the legal theories in Plaintiff's Complaint conform to the evidence in the case."[2] The Court granted this

---

[1] Plaintiff's Opposition to Aetna's Motion for Summary Judgment, p. 4.

[2] Plaintiff's Opposition to Aetna's Motion for Summary Judgment, p. 1, n. 1.

request and Plaintiff filed its Third Amended Complaint on December 8.

With Plaintiff's recent amendment, Aetna has twice now been put to the expense of seeking a ruling from the Court to dispose of meritless legal theories only to have Plaintiff abandon those claims once Aetna's expenses are sunk. This first occurred when Plaintiff improperly named an Aetna entity that did not even exist when the medical claims at issue were adjudicated. Plaintiff only dropped this entity from the suit after Aetna filed a motion to dismiss. Now, only after Aetna spent significant resources on a motion for summary judgment did Plaintiff ask to amend, supposedly to "narrow the disputed issues."[3] As befits Plaintiff's approach to this case, the Third Amended Complaint does no such thing.

Instead, Plaintiff's Third Amended Complaint not only maintains its TPPA, negligent misrepresentation, and fraud

---

[3] Order DKT# 48.

causes of action, but now adds multiple ERISA causes of action that likewise fail as a matter of law.[4]

For the claims preciously asserted, Aetna incorporates by reference its summary judgment arguments with respect to Plaintiff's TPPA, negligent misrepresentation, and fraud claims, and applies these arguments to Plaintiff's Third Amended Complaint. Aetna again contends that the only proper causes of action are (1) a § 502(a)(1)(B) claim for benefits under ERISA, and (2) breach of contract. Aetna asks the Court to grant summary judgment on Plaintiff's improper TPPA, negligent misrepresentation, and fraud claims.

## II.   REPLY ARGUMENTS

### A.   Plaintiff Should Have Conceded ERISA Preemption of its TPPA Claim as Applied to Insured ERISA Plans Since it Offers no Argument in Response

Aetna moved for summary judgment on Plaintiff's TPPA claim based in part on ERISA preemption as applied to all

---

[4] Plaintiff's Third Amended Complaint now asserts claims for breach of fiduciary duty under ERISA, failure to provide a full and fair review under ERISA, and a claim for violations of claims procedure under ERISA. These claims do not co-exist alongside a benefit dispute under well-established precedent that will be fully briefed in a motion to dismiss. *See, e.g., Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir. 1998); *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.,* __ F.3d __, No. 16-20398, 2017 WL 6460150, at *5 (5th Cir. Dec. 19, 2017).

– 3 –

ERISA plans, both self-funded and fully insured. Plaintiff concedes in its summary judgment opposition that ERISA preempts its TPPA claim as applied to self-funded ERISA plans. And while Plaintiff purportedly disputes ERISA preemption with respect to fully insured ERISA plans, it "acknowledges the recent cases that go against Plaintiff on this issue . . . ."[5]

Failing to cite any case law in support of its position and admitting that it "has no arguments that have not already been raised by the litigants in the previous cases,"[6] Plaintiff makes no real argument in support of this position. While ERISA preemption is an affirmative defense, it is the **Plaintiff's** burden to establish the Insurance Savings Clause applies, which is an exception to preemption. Having failed to brief this issue, it should be considered abandoned.

---

[5] Plaintiff's Opposition to Aetna's Motion for Summary Judgment, p. 3.

[6] Plaintiff's Opposition to Aetna's Motion for Summary Judgment, p. 6.

– 4 –

In reality, no argument is made because none is possible. Judge Lake correctly noted that ERISA preemption and FEHBA preemption are the same functional test.[7] The Fifth Circuit has squarely held that the TPPA is preempted by FEHBA.[8] The Fifth Circuit has also correctly held that other statutory penalties for late payment are not rescued by the Insurance Savings Clause.[9] And every sister circuit to have considered the question has correctly concluded that the Insurance Savings Clause *cannot* rescue a prompt pay penalty that seeks to supplement ERISA's exclusive civil enforcement remedies.[10]

---

[7] *See Houston Methodist Hosp. v. Humana Ins. Co.*, No. H-16-1469, 2017 WL 3037416, at *14 (S.D. Tex. July 17, 2017) (Lake, J.).

[8] *See Health Care Serv. Corp. v. Methodist Hosps. of Dallas*, 814 F.3d 242, 253 (5th Cir. 2016).

[9] *See N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 781 F.3d 182, 198-201 (5th Cir. 2015) (healthcare provider's claims against insurer under prompt-pay deadlines for HMOs not saved by ERISA's savings clause); *Ellis v. Liberty Life Assurance. Co.*, 394 F.3d 262, 274-78 & n.53 (5th Cir. 2004) (insured's claims against insurer under statutory deadlines for paying insureds not saved by ERISA's savings clause).

[10] *See Am.'s Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1331-33 (11th Cir. 2014) (Georgia's prompt-pay statute, which "require[d] self-funded ERISA plans to process and pay provider claims, or notify claimants of claim denials, within fifteen or thirty days")*; Schoedinger v. United Healthcare of the Midwest, Inc.*, 557 F.3d 872, 875 (8th Cir. 2009)

**B.     Plaintiff Cannot Rescue Its TPPA Claim as to the Five Remaining Patients Covered by Fully Insured, ERISA-Exempt Plans**

Having abandoned its TPPA cause of action with respect to ERISA preempted claims and those governed by self-funded plans,[11] Plaintiff attempts to rescue its TPPA cause of action as applied to five remaining patients covered by fully insured, ERISA-exempt plans. Plaintiff is not a contracted provider with Aetna, which is fatal for the application of the TPPA's penalties to these 5 claims.[12] In its attempt to overcome this

---

(healthcare providers' claims against administrator of self-funded plans under Missouri's prompt-pay law, which imposed statutory and interest penalties if a "health carrier" "'fail[ed] to pay, deny or suspend' a claim within forty days"); *Cicio v. Does*, 321 F.3d 83, 95 (2d Cir. 2003) (insured's claim against an HMO under New York law that required ERISA plans to reply within 24 hours to requests for certain treatments). Other circuits have similarly ruled that Section 514(a) preempts state-law claims for untimely claim processing. *See, e.g., Hotz v. Blue Cross & Blue Shield of Mass., Inc.*, 292 F.3d 57, 58 (1st Cir. 2002) (claim that "delay" in "approving payment" for treatment "caused [patient's] condition to worsen"); *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 491 (9th Cir. 1988) (per curiam) (claims for "emotional distress" caused by "delay in payments" for medical bills).

[11] While Plaintiff effectively abandoned any argument that the TPPA is not preempted by fully-insured ERISA plans as explained above, Plaintiff wholly failed to address Aetna's argument that the TPPA does not apply to self-funded claims. This argument is therefore likewise abandoned.

[12] *See Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 656 (Tex. 2013) (holding that the Texas Prompt Pay Statute (predecessor to the current Act) "requires contractual privity" before the payment deadlines apply).

legal bar using a limited exception to the TPPA, Plaintiff submits an affidavit to show "there is no reasonably accessible in-network provider"[13] who could have administered the infusion services at issue.

But a bogus affidavit cannot raise a fact question on whether Aetna had 500 in-network infusion providers. Plaintiff's affiant states that no in-network infusion providers were available because "Dr. Salvato *told*" him so.[14]  Plaintiff's affiant further states that he "carefully studied" unidentified plan documents and "none of the Aetna plans I reviewed identified any company, clinic or provider who would provide outpatient infusion services."[15]

Hearsay cannot be used to overcome summary judgment. *Snapt Inc. v. Ellipse Commc'ns Inc.,* 430 F. App'x 346, 351–52 (5th Cir. 2011); *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987). And despite apparently having

---

[13] Plaintiff's Opposition to Aetna's Motion for Summary Judgment, p. 6.

[14] Declaration of Jim Rutherford, p. 2, ¶ 2.

[15] Declaration of Jim Rutherford, p. 2, ¶ 2.

HOU:3856106.1

such plan documents at its disposal, Plaintiff failed to enter any into evidence. Because the availability of in-network infusion providers is central to whether Plaintiff's TPPA claim survives, failure to put the unidentified "plan documents" in evidence is fatal to Plaintiff's affidavit because of the best evidence rule. *R.R. Mgmt. Co. v. CFS La. Midstream Co.*, 428 F.3d 214, 218 (5th Cir. 2005).

And it is no wonder supposed "plan documents" were not made into exhibits. Plan booklets do not have provider directories because provider directories do not exist in hard copy form. Rather, Aetna makes available a list of in-network providers online. A search for in-network infusion providers retrieves hundreds of hits. [16] Without competent summary

---

[16] *See, e.g.*, Aetna's online provider directory which can be accessed using the following link:

http://www.aetna.com/dse/search?site_id=docfind&langpref=en&tabKey=tab1#markPage=clickedPagination&whyPressed=geo&searchQuery=infusion&searchTypeMainTypeAhead=&searchTypeThrCol=&mainTypeAheadSelectionVal=&thrdColSelectedVal=&aetnaId=&Quicklastname=&Quickfirstname=&QuickZipcode=77007&QuickCoordinates=29.770417999999996%2C-95.41057600000002&quickCategoryCode=&QuickGeoType=city&stateCodeFromCounty=&countyCode=&geoSearch=Houston%2C%20Texas&geoMainTypeAheadLastQuickSelectedVal=Houston%2C%20Texas&geoBoxSearch=true&stateCode=TX&quickSearchTerm=&classificationLimit=&pcpSearchIndicator=&specSearchIndicator=&suppressFASTDocCall=true&

– 8 –

judgment evidence challenging the availability of in-network providers, Plaintiff's TPPA claim cannot survive summary judgment.

**C.    Plaintiff's New "Recoupment" Theory Cannot Support Claims for Fraud or Negligent  Misrepresentation**

   **1.    EOBs Only Reflect How a Particular Claim was Adjudicated**

The most recent iteration of Plaintiff's lawsuit still hangs its negligent misrepresentation and fraud claims on Aetna's Explanations of Benefits ("EOBs"). Plaintiff argues that because Aetna sent EOBs reflecting payment for services provided to particular patients, Plaintiff assumed it would receive similar payment for all future patients. [17] This argument fails as a matter of law.

As Aetna explained in its motion for summary judgment, fraud requires a *misrepresentation*, and negligent

---

linkwithoutplan=true&publicPlan=&displayPlan=Select&zip=&filterVal ues=&pagination=0&radius=15&lastPageTravVal=&sendZipLimitInd=& site_id=docfind&sortOrder=&ioeqSelectionInd=&ioe_qType=&switchForS tatePlanSelectionPopUp=&actualDisplayTerm=&withinMilesVal=15. Aetna has included a link to the search results for infusion providers in Houston, Texas because the number of hits is voluminous, however Aetna can also provide the Court with a copy of the search results as needed.

[17] Plaintiff's Third Amended Complaint, p. 25, ¶ 79.

– 9 –

misrepresentation requires a representation supplying *false* information. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (listing the elements of fraud); *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d 322, 329 (5th Cir. 2017) (listing the elements of negligent misrepresentation).

But an EOB is nothing more than a reflection of how Aetna adjudicated a particular claim at a particular time.[18] Nowhere does Plaintiff allege that the EOBs indicated payments made were final or that Aetna would not recoup any portion of the amount paid.[19] In fact, Plaintiff admits it initially received payment as reflected in the EOBs.[20] Far from a misrepresentation, the information conveyed by Aetna's EOBs was *true*. Plaintiff's claims for negligent

---

[18] As Karen Chotiner, an Aetna Network Vice President, explains in Exhibit A to Aetna's Motion for Summary Judgment, "[f]ollowing adjudication of a claim or batch of claims, Aetna issues an Electronic Remittance Advice or printed Explanation of Benefits advising the provider and member how each claim was paid." Affidavit of Karen Chotiner, Exhibit A, Aetna's Motion for Summary Judgment, ¶ 6.

[19] And it cannot as evidenced by an Aetna EOB previously produced by Plaintiff on August 21, 2017 in this matter. *See* Exhibit A.

[20] Plaintiff's Opposition to Aetna's Motion for Summary Judgment, p. 8.

– 10 –

misrepresentation and fraud fail as a matter of law on this ground alone.

### 2. Promises of Future Action are not Actionable as Misrepresentation Claims

"A claim for negligent misrepresentation under Texas law contemplates that the 'false information' provided by the defendant is a misstatement of *existing* fact." *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 357 (5th Cir. 1996) (emphasis added). "Representations as to conditional future events and promises of future conduct [are] not statements of existing fact, and 'under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort.'" *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 448 (5th Cir. 2013).

Plaintiff's claim depends entirely on supposed representations concerning future performance. Plaintiff contends that it "assumed [] if a claim was payable for one patient who had Lyme disease and for whom Dr. Salvato had ordered IV antibiotics, then another patient who had the same condition, who was treated by the same physician and who had

– 11 –

a prescription for the same IV antibiotic therapy, would also be payable."[21] But an EOB concerning one member's benefits under one plan cannot constitute a representation or a promise concerning a different member's benefits under a different plan at some indefinite point in the future.

### 3.     Misrepresentation Claims are not Viable Where Express Contracts Govern

Texas law "precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties." *Ibe v. Jones*, 836 F.3d 516, 526 (5th Cir. 2016) (Miller, J.) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) and finding a negligent misrepresentation claim was barred because the only damages at issue "result[ed] from the breach of contract"); *see also Drake v. Bank of Am. Corp.*, No. H-15-1639, 2016 WL 6909287, at *5 (S.D. Tex. Mar. 9, 2016) (denying a fraud claim based on the economic loss rule). Here, there is such a contract: the benefit plans.

As an out-of-network provider, it is the terms of the various members' plans that govern payment for medical

---

[21] Plaintiff's Third Amended Complaint, p. 25, ¶ 79.

claims and constitute an express contract. *El Paso Healthcare Sys., Ltd. v. Molina Healthcare of N.M., Inc.*, 683 F. Supp. 2d 454, 462 (W.D. Tex. 2010) (finding that a health plan which governs the relationship between provider and payor through an assignment of benefits is an express contract). Entitlement to any recoupments necessarily depends on the amount payable under the terms of the governing health benefit plans. Plaintiff's misrepresentation claims fail for this reason as well.

### 4.   Plaintiff's Purported "Reliance" on EOBs as Representation of Future Payment is Nonsensical

In describing the alleged "scheme," Plaintiff asks this Court to believe that Aetna somehow programmed its computerized claims adjudication system to automatically ***overpay*** benefits that it intended to recoup in the future (rather than just pay a lower rate to begin with). And all for the purpose of duping this provider into providing more services—when there are 500 more *contracted* providers that do the same thing already in Aetna's network.

This is implausible at the very least and fails to show how Plaintiff's reliance on Aetna's EOBs for its stated purpose

– 13 –

was at all justifiable. *See, e.g. Drake*, 2016 WL 6909287, at \*5 (dismissing plaintiff's fraud claims "because any reliance on Plaintiffs' part on the alleged misrepresentation was unreasonable"); *see also Musket Corp. v. Suncor Energy (U.S.A.) Mktg., Inc.*, No. H-15-100, 2015 WL 5825128, at \*4 (S.D. Tex. Oct. 6, 2015) (Miller, J.) (finding an alleged "fraudulent scheme" not plausible and dismissing the misrepresentation claims).

### 5. Plaintiff's Argument Demonstrates its Misrepresentation Claims are Preempted as Against ERISA Plans

Again, because Plaintiff is barred from its "reliance" on some purported future promise of benefits, Plaintiff is left seeking only the benefits it argues were improperly recouped. As the court in *Transitional Hospitals* explains, state law claims are preempted when the provider seeks benefits owed under ERISA plans. *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc.*, 164 F. 3d 952, 954 (5th Cir. 1999).[22] *Northbrook*, therefore, is not applicable.[23]

---

[22] In its Third Amended Complaint, Plaintiff adopts Aetna's characterization of the medical claims at issue and thereby admits that the medical claims on Exhibits 1-B and 1-E to Aetna's Motion for

– 14 –

After multiple attempts to plead legitimate claims, Plaintiff was given another opportunity to "better flesh[] out the ERISA claims and the breach of contract claims." [24] Instead, Plaintiff exhausted 40 pages on a purported "scheme" that again fails as a matter of law. Plaintiff's claims for negligent misrepresentation and fraud should be dismissed.

### III.   CONCLUSION

Aetna's statement in its motion for summary judgment still holds true: Plaintiff has taken multiple opportunities to attempt to fit its facts into a legal theory that the law recognizes,[25] and each time has failed.

---

Summary Judgment are governed by ERISA plans. *See* Plaintiff's Third Amended Complaint, p. 6-7, ¶ 19.

[23] In *Northbrook*, the court found misrepresentation claims were not preempted because before providing medical services, the provider was told ERISA eligibility existed when it did not. *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 246 (5th Cir. 1990). The court thus found that the provider's state law claims did not arise because of the ERISA plans, but because there was no eligibility under the plans. There is not a question of whether eligibility exists here and the *Northbrook* analysis therefore has no application.

[24] Order DKT# 48.

[25] After filing two pleadings in state court, DKT#1-2 and DKT#1-5, Plaintiff was ordered by this Court to amend its pleadings again to remove an improper party. Plaintiff's May 5 pleading removed the improper party but increased the number of patients at issue from 1 to 252, expanded the number of medical claims at issue from 33 (for a single

Now, on its third set of lawyers, Plaintiff sought leave to amend to add contract claims it previously abandoned and ERISA claims that it should have pleaded from the start. Yet nowhere does Plaintiff undertake to make Aetna whole for the prejudice incurred in defending claims against a party that should never have been joined and claims that should never have been pleaded in the first place.[26]

Aetna is entitled to summary judgment and that is what the Court should grant.

---

ERISA member) to 3,152 (according to Plaintiff), increased its alleged damages by nearly $17.8 million, raised a new theory of recovery not previously plead, and asserted certain medical claims on behalf of Precise Home Health, Inc., an entity Plaintiff has not alleged or proven is a related legal entity. DKT#17. Plaintiff amended its complaint again on October 6 to identify the ERISA claims at issue. DKT#24. Plaintiff amended again on December 8. DKT# 49.

[26] To date, Aetna has expended $52,455.00 in seeking to defend against claims that were (or should have been) abandoned by the Plaintiff, and indeed should never have been filed in the first place.

– 16 –

Respectfully submitted,

OF COUNSEL:

Andrews Kurth Kenyon LLP
    and
Dimitri Zgourides
State Bar No. 00785309
SDOT No. 16513
dzgourides@andrewskurth.com
Mitchell A. Reid
State Bar No. 24037346
SDOT No. 34728
mreid@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4200
Telecopier:  (713) 220-4285

By: */s/ Mitchell A. Reid*
    John B. Shely
    State Bar No. 18215300
    SDOT No. 7544
    600 Travis, Suite 4200
    Houston, Texas 77002
    Telephone:  (713) 220-4200
    Telecopier:  (713) 220-4285
    jshely@andrewskurth.com

ATTORNEY-IN-CHARGE
FOR DEFENDANT AETNA
LIFE INSURANCE
COMPANY

– 17 –

### CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who are known "Filing Users", as follows:

Daniel Packard
The Packard Law Firm
1100 NW Loop 410,
Suite 1-4
San Antonio, Texas 78213
*dan@packardlawfirm.com*

Diogu Kalu Diogu II, L.L.M.
P.O. Box 994
Fulshear, Texas 77441
*diogu.diogu.law.firm@gmail.com*

Bruce K. Watkins
Watkins & Watkins
24 Greenway Plaza,
Suite 1710
Houston, Texas 77046
*bruce@watkinslawhouston.com*

*/s/ Mitchell A. Reid*
Mitchell A. Reid

HOU:3856106.1