Southern District of Texas
**ENTERED**
May 07, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17--34 |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

Experience Infusion sued Aetna Life Insurance Company under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, alleging that Aetna had paid for out-of-network services but later recouped some of the payments on the ground that it had overpaid other claims. Experience Infusion alleges that the initial payments were proper and seeks damages for those offsetting recoupments.

Aetna issues employer-sponsored health-insurance plans and serves as a third-party administrator for self-funded employee-benefit plans. Some of these plans are governed by ERISA. Experience Infusion is an out-of-network medical provider of intravenous antibiotic-infusion services. Most of its patients are treated by Dr. Patricia Salvato, an Aetna-network physician who specializes in Lyme Disease treatment. Experience Infusion alleges that no providers in the Aetna network offer these services.

The Aetna insurance plans assign to the medical-services provider the right to pursue claims for plan benefits. Under the plans, Aetna must pay out-of-network providers a portion, usually 60

to 100 percent, of the "reasonable and customary" charges for the medical services provided to plan beneficiaries.

Experience Infusion billed Aetna for the services it provided. Aetna reduced the bills to what it stated were the reasonable and customary amounts, and, as set out in the plans, paid Experience Infusion that percentage. Aetna sent Experience Infusion explanation-of-benefits statements explaining the amounts it paid. According to Experience Infusion, Aetna did not ultimately pay the amounts set out in those statements. Instead, Aetna offset the amounts on the ground that it had years earlier overpaid Experience Infusion for services provided to other patients under different plans.

Experience Infusion challenges this "recoupment" practice of offsetting payments based on alleged overpayments made earlier for services to different patients on different plans. Experience Infusion alleges that when it complained about these recoupments, "Aetna frequently did not provide an explanation" or gave a general reason for why it viewed the prior payment as excessive, such as a "lack of medical necessity" but without supporting documents. Experience Infusion's complaint sets out 19 examples of allegedly improper recoupments and inadequate explanations. (Docket Entry No. 49 ¶¶ 27–86).

Experience Infusion asserted eight causes of action: (1) failure to comply with group-plan requirements, in violation of ERISA; (2) breach of fiduciary duty under ERISA; (3) failure to provide a full and fair review under ERISA; (4) violation of claims procedures under ERISA; (5) violations of the Texas Prompt Pay Act, TEX. PROP. CODE § 28.002; (6) breach of contract; (7) fraud; and (8) negligent misrepresentation. Aetna moved for summary judgment, Experience Infusion responded, and Aetna replied. (Docket Entries No. 29, 44, 52). After the summary judgment

2

briefing, Experience Infusion dismissed its ERISA claims for breach of fiduciary duty, failure to provide a full and fair review, and for violation of claims procedures, and its claims under the Texas Prompt Pay Act. (Docket Entry No. 56, 59).

This Memorandum and Order addresses Aetna's motion for summary judgment on the state-law fraud and negligent-misrepresentation claims. Experience Infusion's remaining ERISA claim and its breach-of-contract claim are not addressed because they were asserted in an amended complaint filed after Aetna moved for summary judgment.

Based on the pleadings, motion, response, reply, the summary judgment record, and the applicable law, Aetna's motion for summary judgment, (Docket Entry No. 29), is granted. The fraud and negligent-misrepresentation claims are dismissed, leaving the ERISA and breach-of-contract claims.

The reasons for these rulings are explained below.

## II. The Summary Judgment Legal Standard

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); *see also* FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burrell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269–70 (5th Cir. 2015) (quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters.*, *Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if "its resolution could affect the outcome of the actions." *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Exploration, LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 331 (5th Cir. 2016) (quoting *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 317 (5th Cir. 2016) (quoting *Boudreaux v. Swift*

4

*Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 866 F.3d 698, 702 (5th Cir. 2017).

**III.     Analysis**

The summary judgment record includes:

- Aetna's business records containing the medical information about the plans at issue and spreadsheets summarizing the plan information, (Docket Entry No. 29, Exs. 1-A–1-F );

- an affidavit of Karen Chotiner, Aetna's corporate representative, (*Id.*, Ex. B);

- a declaration of Jim Rutherford, Experience Infusion's corporate representative, (Docket Entry No. 44, Ex. A); and

- an explanation-of-benefits statement that Aetna issued to Experience Infusion, (Docket Entry No. 52, Ex. A).

Experience Infusion's fraud and negligent-misrepresentation claims center on Aetna's explanation-of-benefits statements. Experience Infusion alleges that these statements contained false, material representations that the claim amounts were payable, even though Aetna "never intended to allow [Experience Infusion] to keep those payments." (Docket Entry No. 49 ¶ 126). Experience Infusion alleges that when Aetna issued the explanation-of-benefit statements, it knew it would later recoup part of the payments to offset earlier payments that it allegedly later determined to be excessive. (Docket Entry No. 44). Aetna seeks summary judgment on the fraud and negligent-misrepresentation claims, on the basis that the explanation-of-benefits statements accurately represented the status of the claims when the statements issued. (Docket Entry No. 52).

The elements of a Texas fraud cause of action are: (1) a material misrepresentation; (2) that was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the

5

representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) suffered injury. *In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001).

The elements of a Texas claim for negligent misrepresentation are that: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Mahmoud v. DeMoss Owners Ass'n, Inc.*, 865 F.3d 322, 329 (5th Cir. 2017) (quoting *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

Experience Infusion's claims require a false statement or false information. The explanation-of-benefits statements describe how Aetna adjudicated and paid a particular claim at a particular time. Aetna cites record evidence explaining how it issued the explanation-of-benefits statements:

> Following adjudication of a claim or batch of claims, Aetna issues an Electronic Remittance Advice or printed Explanation of Benefits advising the provider and member how each claim was paid, and then stores the claim data electronically. Aetna maintains electronic claims payment data that includes numerous fields of information such as: billed amounts; coinsurance amounts; copay amounts; deductibles; allowed amounts; payment amounts; payor information; the name of the program, group, or "plan sponsor"; unique claim identifiers; unique member identification numbers; and the source of funding for the program, plan, or claim.

(Docket Entry No. 29, Ex. A). Aetna sent the statements to service providers after it paid claims, explaining Aetna's payment decision and calculation on each claim. The statements functioned as receipts, setting out the services performed and the amounts paid. They are a snapshot of each claim's status when paid. The statements did not indicate that the payments were final or that Aetna would not later seek to recoup, offset, or adjust part of the amount paid.

The explanation-of-benefits statements were not false when made. Experience Infusion

6

admits that it was paid the amounts set out in each explanation-of-benefits statement: "Aetna engaged in a scheme where it represented to EIC an allowable amount of reimbursement, paid such allowable amount, and then recouped most of the money paid in a subsequent fiscal year." (Docket Entry No. 44 at 8). The fact that Aetna later recouped payments for amounts that it alleged it had overpaid to Experience Infusion on other claims does not make the statements describing the amounts Aetna paid at the time false when made. Because the explanation-of-benefits statements were not false when made, Experience Infusion's claims for fraud and negligent misrepresentation fail as a matter of law.

**IV.     Conclusion**

Experience Infusion's motion for summary judgment, (Docket Entry No. 29), is granted.

SIGNED on May 7, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge