United States District Court
Southern District of Texas
**ENTERED**
May 23, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-34 |
| | § | |
| AETNA LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION TO INTERVENE**

**I.     Background**

On May 10, 2019, the parties filed a notice of settlement informing the court that they would dismiss the case in 30 days. (Docket Entry No. 80). On May 13, Diogu Kalu Diogu, an attorney of record for Experience Infusion Center, LLC, moved to intervene based on an alleged contingency agreement with Experience Infusion. (Docket Entry No. 82). Diogu also asked the court to hold an expedited hearing on the motion. (Docket Entry No. 86). Experience Infusion responded, and Diogu replied. (Docket Entry Nos. 83, 85). For the reasons explained below, the motion to intervene and request for a hearing are denied. (Docket Entry Nos. 82, 86).

**II.    The Legal Standards**

Diogu argues that intervention is proper under both Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure. (*Id.* at 1–3). Under Rule 24(a)(2), invention is of right, or mandatory, if the movant satisfies four elements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)). By comparison, Rule 24(b)(2) provides "that permissive intervention is appropriate where 'an applicant's claim or defense and the main action have a question of law or fact in common.'" *Trans Chem. Ltd. v. China Nat'l Mach. Import & Export Corp.*, 332 F.3d 815, 824 (5th Cir. 2003) (quoting FED. R. CIV. P. 24(b)(2)).

While the Fifth Circuit "reviews *de novo* denials of intervention of right," orders "denying permissive intervention are reviewed for 'clear abuse of discretion' and will be reversed only if 'extraordinary circumstances are shown.'" *Id.* at 822 (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc)).

## III. Analysis

In *Valley Ranch Development Co., Ltd. v. Federal Deposit Insurance Corporation, et al.*, 960 F.2d 550, 556 (5th Cir. 1992), the Fifth Circuit recognized that while "a discharged lawyer with a contingent fee agreement does have an 'interest' for purposes of intervention," agency law prohibits him or her from "tak[ing] on the role of co-plaintiff" during the attorney-client relationship. *Id.* (citing *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 568 (Tex. 1962)). The court reasoned that "the refusal of intervention cannot, as a matter of law, impair or impede [the lawyer's] ability to protect his [or her] interest," because it "is identical to the [client's] until the agency relationship is broken." *Id.* Diogu only has an "interest" under Rule 24(a)(2) if he "can show actual collusion between his clients and other parties or an actual attempt to deny him his fee." *Id.*

Intervention of right is improper because the record shows, and Diogu concedes, that he has an attorney-client relationship with Experience Infusion. Diogu filed a notice of appearance on behalf of Experience Infusion in March 2017 and actively represented the company until

November 2017, when it hired a new lawyer, Daniel W. Packard. (Docket Entry Nos. 12, 42). Although Diogu has not been an active member of Experience Infusion's legal team since, he has not moved to withdraw and concedes that "he still appears as an attorney of record," meaning that the agency relationship exists and he continues to represent the company. (Docket Entry No. 85 at 2); *see* S.D. TEX. L. R. 83.2 ("[W]ithdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court."); *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."). Although Diogu argues that Experience Infusion has frozen him out of the "substance and amount of the settlement agreement," he submits no evidence in support of that assertion. (Docket Entry No. 85 at 2). He fails to make the requisite showing of an "interest" under Rule 24(a)(2). *Valley Ranch* controls, and he may not intervene. *See also Staley v. Harris Cty.*, 160 F. App'x 410, 414 (5th Cir. 2005) (affirming the denial of intervention of right and permissive intervention based on adequacy of representation).

Diogu's motion is also untimely. The court considers four factors in evaluating timeliness under Rules 24(a)(2) and 24(b)(2):

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019) ("While the provisions cover different situations, both prize punctuality."). The "timeliness of an intervention motion is reviewed for abuse of discretion, so long as the district court gave reasons for its determination." *Id.* at 973.

Diogu moved to intervene three days after the parties filed a notice of settlement. (Docket Entry Nos. 80, 82). The "relevant starting point," however, is "not when he knew or should have known that his interests would be adversely affected but, instead, when he knew that he had an interest in the case." *Id.* at 974 (quoting *Sommers*, 835 F.3d at 513). Diogu knew that Experience Infusion hired Packard in November 2017, a year and a half before the parties settled, but he failed to move to withdraw or to intervene after he stopped actively representing the company. The first factor favors denying the motion. *Id*. at 975.

As to the second factor, intervention will likely not prejudice the parties because "opening a fee dispute between the plaintiff, its current counsel, and former counsel would not necessarily relitigate the underlying case" and cause additional proceedings. *Id.* However, litigating the fee dispute "would at least hold up the distribution of settlement funds, which could have been avoided had" Diogu withdrawn and intervened earlier. *Id.* This factor is neutral. *Id.*

The third factor, prejudice to Diogu, weighs against permitting intervention. While Diogu argues that "he has no other option[] but to intervene," he can pursue his fees by suing Experience Infusion in state court. (Docket Entry No. 85 at 6). The alleged agreement even stipulates that "the exclusive venue concerning resolution of any dispute [under] this contract . . . shall be limited to Bexar County, Texas." (Docket Entry No. 82-2 at 9). And because Experience Infusion disputes the validity of the contingency agreement Diogu submitted in support of his motion, the final factor, unusual circumstances, also weighs against permitting intervention. (Docket Entry No. 83 at 5).

Considering the four factors together, the court finds that Diogu's motion is untimely.

## IV. Conclusion

Because Diogu is still a counsel of record, and because he filed the motion too late, intervention as of right and permissive intervention are improper. The motion is denied. (Docket Entry No. 82). Diogu's request for an expedited hearing is denied as moot. (Docket Entry No. 86).

SIGNED on May 23, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge